Jason Gottlieb (NY Bar. No. 4056008)
*Pro hac vice*
jgottlieb@morrisoncohen.com
Michael Mix (NY Bar. No. 5020201)
*Pro hac vice*
mmix@morrisoncohen.com
Rachel Fleder (NY Bar. No. 5796040)
*Pro hac vice*
rfleder@morrisoncohen.com
MORRISON COHEN, LLP
909 Third Avenue
New York, NY 10022-4784
Telephone:  (212) 735-8600
Facsimile:   (212) 735-8708

Ellen London (SBN 325580)
elondon@londonstoutlaw.com
LONDON & STOUT P.C.
1999 Harrison St., Suite 655
Oakland, CA 94612
Telephone:  (415) 862-8494

*Attorneys for Defendant Dragonfly*
*Digital Management LLC and*
*Robot Ventures LP*

[additional parties in signature block]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LIDO DAO, a general partnership; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC; ROBOT VENTURES LP,<br><br>Defendants. | Case No. 3:23-cv-6492-VC<br><br>**RESPONSE TO EX PARTE MOTION FOR ENTRY OF DEFAULT AGAINST LIDO DAO OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE ON LIDO DAO**<br><br>Hearing Date: June 27, 2024<br>Time: 10:00 am |

Defendants AH Capital Management, LLC ("a16z"), Paradigm Operations LP, Dragonfly Digital Management LLC, and Robot Ventures LP (collectively, "Responding Defendants") respectfully submit this joint response to Plaintiff Andrew Samuels' ("Plaintiff") Ex Parte Motion for Entry of Default Against Lido DAO or, in the Alternative, for Alternative Service on Lido DAO. ECF No. 65 (the "Default Motion").

## PRELIMINARY STATEMENT

The Default Motion is premature, procedurally defective, and profoundly confused. Plaintiff purports to name Lido DAO as one of five Defendants in this litigation. In support of his *ex parte* motion for entry of default against Lido DAO, Plaintiff argues that Lido DAO is a partnership made up of partners including Responding Defendants, and that he served Lido DAO in a variety of ways, including by serving a16z's registered agent. Plaintiff is wrong. He relies on nothing more than his say-so allegations that Lido DAO is a "general partnership" made up of Responding Defendants, and he offers no evidence that a16z's registered agent was authorized to accept service on behalf of Lido DAO.

Even though Plaintiff did not make the Default Motion against Responding Defendants, the Default Motion affects Responding Defendants' rights in this case. Indeed, the questions of whether Lido DAO is a general partnership and whether Responding Defendants are general partners are key issues that have yet to be adjudicated and should not be decided on an *ex parte* motion for entry of default. The Default Motion also contains several procedural infirmities. It should be denied.

## ARGUMENT

Plaintiff's argument that he has effectively served Lido DAO is incorrect for multiple reasons.

### A. The Default Motion Is Premature And Inconsistent With Plaintiff's Theory Of The Case

As a threshold matter, Plaintiff's Default Motion is premature. All four Responding Defendants have argued in their motions to dismiss, as well as their replies filed today, that the Amended Complaint ("AC") does not sufficiently plead that Lido DAO is a general partnership, or that Responding Defendants are partners in this purported partnership. *See* ECF No. 60 at 7-10; ECF No. 61 at 8-10; ECF No. 62 at 5-9; ECF No. 63 at 6-9. If the Court agrees that Plaintiff has not sufficiently alleged that Lido DAO is a general partnership capable of being sued, the Default Motion will be moot. Plaintiff's attempt to end-run that determination through an *ex parte* request for a default is improper.[1]

The Default Motion is also premature because the *Frow* doctrine precludes a default judgment against Lido DAO at this stage. In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court cautioned that a court should not enter a default judgment that may be inconsistent with a judgment on the merits as to any answering defendants. *Id.* at 554. The Ninth Circuit has confirmed and reinforced *Frow* by holding that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *see also Schaeffer v. Gregory Vill. Partners, L.P.*, 2014 WL 12708934, at *2 (N.D. Cal. Oct. 29, 2014) (denying default judgment under the *Frow* doctrine where plaintiffs alleged joint and several liability). Here, Plaintiff alleges joint and several

---

[1] For the same reasons, it is premature to allow Plaintiff alternative service on Lido DAO through a16z or any of the other Responding Defendants, *see* Default Motion at 9-13, because the issue of whether Lido DAO is a general partnership and whether or not Responding Defendants are partners has not yet been determined.

liability among all Defendants, and Responding Defendants have moved to dismiss and are not alleged to have defaulted.  And any finding regarding service based on conclusory allegations that Lido DAO is a general partnership and that Responding Defendants are general partners necessarily implicates the merits of this case.  Accordingly, there is no value to entering default against Lido DAO now, especially when the key partnership issue has not been decided and default judgment would be unavailable.

Moreover, Fed. R. Civ. P. 55(a) only permits the entry of default if a party "has failed to plead or otherwise defend."  Plaintiff's assertion in the Default Motion (at 6) that Lido DAO failed to "otherwise defend" is inconsistent with Plaintiff's own theory that Lido DAO is a partnership that may be comprised of (*inter alia*) some or all of Responding Defendants.  Under Plaintiff's theory, this case is being defended, making any entry of default inappropriate.  While Responding Defendants strongly disagree that they can be named as defendants in a suit in which Plaintiff expressly disavows any allegation that they violated the federal securities laws, ECF No. 64 (the "Opp.") at 5, 23, Plaintiff cannot have it both ways:  he cannot argue, on the one hand, that Responding Defendants are general partners of the supposed Lido DAO "partnership" such that they are liable for all "partnership" conduct (as argued by Plaintiff in the Opp.), while simultaneously arguing that those same Responding Defendants' arguments, conclusively refuting the idea that liability can stem from the alleged action of the supposed Lido DAO "partnership," do not constitute a defense.

### B. Plaintiff Fails To Show Effective Service

#### 1. *Plaintiff Failed To Serve The Operative Amended Complaint*

Even if the Default Motion were not premature (it is), the Court should deny it because Plaintiff is seeking an entry of default with respect to a complaint he admittedly never even tried

3

to serve on "Lido DAO." Plaintiff purported to serve the summons and his <u>original</u> Complaint on Lido DAO on December 22, 2023 and in various ways throughout January and February 2024. ECF No. 10; *see also* Default Motion at 4-6. But Plaintiff filed the AC months later, on April 3, 2024. ECF No. 54. An amended complaint "supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations and quotation marks omitted). The "original pleading no longer performs any function." *Id.* (citations and quotation marks omitted). Thus, Plaintiff only purportedly served Lido DAO with a superseded, "non-existent" version of the Complaint. Plaintiff does not claim to have attempted to serve Lido DAO with the AC, the operative pleading in this litigation, and thus the Court should reject his Default Motion on this basis alone because it seeks an entry of default as to the admittedly <u>unserved</u> AC.

        2.    *Plaintiff Fails To Show That He Served Lido DAO By Serving a16z's Registered Agent*

Plaintiff's assertions that he served Lido DAO by delivering a summons to "Lido DAO c/o AH Capital Management, LLC" are meritless for an additional reason. Default Motion at 7-8. As explained above, Plaintiff's allegations that Lido DAO is a partnership are heavily contested and are the subject of the pending motions to dismiss. Moreover, Plaintiff has not presented <u>any</u> evidence that "delivering a copy of the summons and of the complaint" to a16z's registered agent amounts to service on Lido DAO. And for two independent reasons, it does not: Plaintiff has not shown either (1) that a16z is a "general partner" who can be served in place of Lido DAO under

Rule 4(e)(1) and Cal. Code Civ. Proc. § 416.40(a) or even (2) that a16z's registered agent was authorized to accept service on another entity "c/o AH Capital Management, LLC."[2]

*First*, Plaintiff's request for entry of default rests on the premise that a16z "is a general partner in" Lido DAO because a16z "is a large holder of LDO that has participated in DAO decisionmaking." Default Motion at 8. Yet Plaintiff cites only two paragraphs from the AC in support of this crucial point. *Id.* (citing AC ¶¶ 7, 43).[3] And all those paragraphs say is that a16z "has publicly participated in the Lido general partnership" because (1) Lido DAO "expressed gratitude" to a16z and identified a16z "as a member of 'the Lido family'"; and (2) a16z in a press release stated that it "will contribute, as both a staker and governance participant" after investing in Lido. AC ¶¶ 7, 43. As explained in Responding Defendants' motions to dismiss, Plaintiff's conclusory allegations are woefully insufficient to plausibly allege that Lido DAO is a partnership, much less that a16z is a partner therein. ECF No. 61 at 9-10 & n. 14-15. Indeed, in opposition to the motions to dismiss, Plaintiff pivots away from his theory that the four Responding Defendants formed Lido DAO as a general partnership. AC ¶¶ 5, 117; Opp. at 5, 23. He does so for good reason: Plaintiff fails to plead any facts showing that Responding Defendants agreed with one another to carry on as co-owners a business for profit.

---

[2] As explained above, Plaintiff has made no attempts to serve the operative AC on Lido DAO, including via service on a16z or its registered agent. All of Plaintiff's arguments in the Default Motion regarding service of Lido DAO "c/o" a16z concern the original, superseded complaint.

[3] While Plaintiff also cites a portion of his motion to dismiss briefing, *see* Default Motion at 8 (citing Opp. at 19-24), that brief's only relevant portion (pages 20-22, arguing that "plaintiff pleads specific facts giving rise to the reasonable inference that partners, among others, jointly run Lido DAO as a business for profit") contains just one reference to a16z—a quote from paragraph 43 of the AC.

Plaintiff's failure to carry his burden on this score precludes his request for entry of default. Courts applying § 416.40 require actual evidence of partnership before finding that service is proper and readily reject service attempts based on "general allegations" where the plaintiff fails to provide evidence in support. *See Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 554-55 (N.D. Cal. 2003) (rejecting request for default because "general allegations" about corporate connections "do not suffice" to show effective service of one corporation through another where "key links" in the chain "remain undemonstrated"); *see also DisputeSuite.com, LLC v. Credit Umbrella Inc.*, 2015 WL 12911757, at *3 (C.D. Cal. June 2, 2015) (service not proper under Cal. Code Civ. Proc. § 416.10 where plaintiff did not provide "any details" to determine that the served person was the "general manager"). Similar results obtain where plaintiffs "fail[] to come forward with evidence supporting a finding" that the served entity was "a managing agent" for a defendant. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). The same result follows here, where Plaintiff utterly fails to provide any evidence that a16z is a general partner in Lido DAO.[4]

*Second*, Plaintiff has submitted no evidence that a16z's registered agent, The Corporation Trust Company, is authorized to accept service on behalf of an entity being sued that is not a16z—yet another reason his request for entry of default fails. It is blackletter law that "[a]gents are not

---

[4] Cases holding that service on a "general partner" constitutes service on the partnership are in accord. For instance, in *Pension Plan for Pension Tr. Fund for Operating Eng'rs v. J & K Sweeping*, service was effective because plaintiffs "<u>provided evidence</u>" that an individual was, "in fact, a general partner" of the partnership. 2014 WL 4626008, at *5 (N.D. Cal. Sept. 15, 2014) (emphasis added). That evidence included that the company "was registered as a general partnership" and "list[ed]" the served individual as an "owner." *Id.* at *1; *see also J & A Mash Barrel, LLC v. Super. Ct.*, 74 Cal. App. 5th 1, 27-28 (2022) (finding service appropriate "<u>based on the evidence presented</u>," which showed that the alleged partner held itself out in a way that would have been "fraudulent" if not a partner (emphasis added)). Similar evidence—or even anything close—is lacking here.

fungible" and that an agent "who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function." *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1429 (1994). Here, the "proof of service" states that Plaintiff served "The Corporation Trust Company," not a16z or any other alleged "general partner" of Lido DAO. ECF No. 10. Yet, there is no evidence in the record that The Corporation Trust Company is authorized to accept service of a lawsuit against Lido DAO "c/o" a16z. *See Evony, LLC v. Aeria Games & Entm't, Inc.*, 2012 WL 12843210, at *6-8 (N.D. Cal. Sept. 28, 2012) (service ineffective when "[t]here is no evidence in the record demonstrating" that the person who was served—a receptionist at a law firm—had "authority to accept service of process on behalf of [the defendant]," who was not her employer but a purported client of the firm); *see also Gidding v. Anderson*, 2008 WL 4065814, at *2 (N.D. Cal. Aug. 27, 2008) (agent who accepted service on behalf of some defendants did not have authority to accept service for others); *Pegasus Blue Star Fund, LLC v. Canton Prods., Inc.*, 2009 WL 331413, at *5 (D.N.J. Feb. 10, 2009) (service improper because agent's "authority to accept service on behalf of CPI and Atmosphere has no bearing on his ability to accept service on behalf of Mr. Canton, CPI's principal"). To the contrary, the evidence shows the opposite: that neither a16z nor its agent is authorized to accept service on behalf of Lido DAO. *See* Default Motion, Ex. D (January 12, 2024 letter from a16z to Plaintiff's counsel "reject[ing] any purported service on [a16z] or its agents for purposes of serving Lido DAO" as unauthorized).[5] Because "[s]ervice of process on an agent is sufficient only if the agent

---

[5] Plaintiff complains that this correspondence "did not provide any information regarding a method to serve Lido DAO that [a16z] would deem acceptable." Default Motion at 4-5. That is beside the point. It is not for a16z to tell Plaintiffs how to serve Lido DAO. Rather, a16z simply told Plaintiffs that attempting to serve Lido DAO "c/o" a16z through a16z's registered agent was ineffective.

is 'authorized by appointment or by law to receive service of process,'" and since Plaintiff has set forth no evidence showing that The Corporation Trust Company is authorized to accept service of process on behalf of Lido DAO c/o a16z, Plaintiff's attempted service cannot support entry of default. *See Evony, LLC*, 2012 WL 12843210, at *8 (quoting Fed. R. Civ. P. 4(e)(2)).

### C. Plaintiff's Motion Is Procedurally Defective For Additional Reasons

#### 1. *Plaintiff Failed to Comply with Local Rule 7-10*

Plaintiff styled his Default Motion as an *ex parte* motion. Therefore, he must, but has failed to, comply with Local Rule 7-10. That rule states that "a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statue, rule, or order which permits the use of an ex parte motion to obtain the relief sought." The Default Motion, however, does not refer to any statute, rule or order authorizing an *ex parte* filing. This failure to comply with Local Rule 7-10 alone requires the denial of the Default Motion. *See Le v. Hyunh*, 2024 WL 1050998, at *2-3 (N.D. Cal. Feb. 16, 2024) (denying *ex parte* motion and explaining that "Plaintiff did not cite any authority authorizing the ex parte motion . . ."); *Ha v. McGuiness*, 2009 WL 462803, at *2 (N.D. Cal. Feb. 23, 2009) (denying motion "for failure to comply with Local Rule 7-10").

Worse, Plaintiff's purported justification for bringing the Default Motion on an *ex parte* basis contradicts the position he takes in the Default Motion itself. Plaintiff seeks entry of default against the supposed Lido DAO "partnership" because, *inter alia*, according to Plaintiff, he purportedly served this "partnership" by serving one of its alleged partners, a16z, through a16z's registered service agent. *See* Default Motion at 4. Simultaneously, however, Plaintiff brings the Default Motion on an *ex parte* basis because the supposed "partnership" has **not** been served, and

8

therefore, there is no entity to which Plaintiff can provide notice. Plaintiff cannot have it both ways. Plaintiff cannot assert, on the one hand, that the Lido DAO "partnership" has been served through a partner and therefore a default should be entered, while simultaneously claiming that he must seek entry of default using *ex parte* procedures because that very entity has **not** been served and cannot be given notice. The Court should deny the motion for this reason, too.

### 2. Plaintiff Inappropriately Attempted To Bypass The Clerk

Finally, Plaintiff has made the Default Motion only in a motion to the Court, not in a direct request to the Clerk for a default. *See Joseph v. City of San Jose*, 2020 WL 1031899, at *9 (N.D. Cal. Mar. 3, 2020) ("[I]t is the Clerk of the Court, not the Court, who must determine that a party has defaulted as an initial matter."); *Dmitriev v. Mann*, 2023 WL 2988644, at *6 (D. Mass. Mar. 10, 2023) ("The *clerk*, not the Court, is the only judicial agent that may enter a default under Rule 55(a)") (emphasis in original) *report and recommendation adopted*, 1:21-CV-40068-NMG, ECF 99 (D. Mass. May 4, 2023). The likely reason for Plaintiff's attempted end-run is because his attorneys tried a similar gambit in a different case—and they were rejected by the Clerk. In *Houghton, et al. v. Compound DAO, et al.*, Case No. 3:22-cv-07781-WHO (N.D. Cal.), Plaintiff's attorneys similarly named a different DAO as a defendant. After they purported to serve that DAO through one of its alleged "partners," they made a request to the Clerk for a default. The Clerk twice denied the *Houghton* Plaintiffs' request, explaining that it was "unable to verify" the *Houghton* Plaintiffs' service on the DAO through an alleged partner. *See Houghton, et al. v. Compound DAO, et al.*, Case No. 3:22-cv-07781-WHO, ECF 48, 84 (N.D. Cal.). Plaintiff's counsel here thus resorted to a different strategy—inappropriately attempting to bypass the Clerk by making the *ex parte* Default Motion to the Court. Regardless, even if the Court considers the Default Motion, it should deny it for the reasons above.

**CONCLUSION**

Responding Defendants respectfully request that the Court deny the Default Motion.

Dated: June 6, 2024

        MORRISON COHEN LLP

        */s/ Jason Gottlieb*
        Jason Gottlieb (Admitted *pro hac vice*)
        Michael Mix (Admitted *pro hac vice*)
        Rachel Fleder (Admitted *pro hac vice*)
        909 Third Avenue
        New York, New York 10022
        jgottlieb@morrisoncohen.com
        mmix@morrisoncohen.com
        rfleder@morrisoncohen.com
        (212) 735-8600

        LONDON & STOUT P.C.
        Ellen London
        1999 Harrison St., Suite 655
        Oakland, CA 94612
        elondon@londonstoutlaw.com
        (415) 862-8494

        *Attorneys for Defendants*
        *Dragonfly Digital Management LLC and*
        *Robot Ventures LP*

        - and -

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        */s/ Peter B. Morrison*
        Peter B. Morrison
        Zachary Faigen
        300 South Grand Avenue, Suite 3400
        Los Angeles, California 90071
        peter.morrison@skadden.com
        zack.faigen@skadden.com
        (213) 687-5000

        Alexander C. Drylewski (Admitted *pro hac vice*)
        One Manhattan West
        New York, New York 1001
        Alexander.drylewski@skadden.com
        (212) 735-3000

        *Attorneys for Defendant Paradigm Operations LP*

*- and -*

LATHAM & WATKINS LLP

*/s/ Susan E. Engel*
Susan E. Engel (Admitted *pro hac vice*)
susan.engel.@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Douglas K. Yatter (CA Bar No. 236089)
douglas.yatter@lw.com
Benjamin A. Naftalis (Admitted *pro hac vice*)
benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1200

Matthew Rawlinson (CA Bar No. 231890)
matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

Morgan E. Whitworth (CA Bar No. 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant AH Capital Management, L.L.C.*

11

## FILER'S ATTESTATION

I, Jason Gottlieb, am the ECF User whose ID and password are being used to file this Response. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document have been obtained from each of the other signatories.

Dated: June 6, 2024                                          */s/ Jason Gottlieb*
                                                                     Jason Gottlieb (Admitted *pro hac vice*)