| | |
|---|---|
| Jason Harrow<br>(Cal. Bar No. 308560)<br>GERSTEIN HARROW LLP<br>12100 Wilshire Blvd., Suite 800<br>Los Angeles, CA 90025<br>jason@gerstein-harrow.com<br>(323) 744-5293 | James Crooks<br>(*pro hac vice*)<br>Michael Lieberman<br>(*pro hac vice*)<br>FAIRMARK PARTNERS, LLP<br>1001 G Street NW, Suite 400E<br>Washington, DC 20001<br>jamie@fairmarklaw.com<br>michael@fairmarklaw.com<br>(619) 507-4182 |

Charles Gerstein
(*pro hac vice*)
Emily Gerrick
(*pro hac vice forthcoming*)
GERSTEIN HARROW LLP
1001 G Street NW, Suite 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>LIDO DAO, a general partnership; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC; ROBOT VENTURES LP,<br><br>  Defendants. | Case No. 3:23-cv-06492<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**<br><br>**The Honorable Vince Chhabria** |

Plaintiff Andrew Samuels respectfully submits this response to Defendant's submission of *Fischer v. United States*, 603 U.S. ___ (2024), as supplemental authority. Defendant contends that *Fischer*, which interprets the Sarbanes-Oxley Act of 2002, supports its argument that Section 5 of the 1933 Securities Act does not apply to secondary market transactions in unregistered securities. *See* ECF 61 at 10-12; ECF 67 at 6. Defendant's Section 5 argument is foreclosed by Ninth Circuit precedent: "By its terms, Section 5 of the 1933 Act creates liability for any securities sale for which 'a registration statement is [not] in effect;' **it does not limit liability to initial distribution**." *SEC v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007) (emphasis added) (finding Section 5 violation based on resale of securities); *see also SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010) (same); *Owen v. Elastos Found.*, 2021 WL 5868171, at *14 (S.D.N.Y. Dec. 9, 2021) (collecting cases finding Section 5 violations based on "secondary sales").

Defendant points to nothing in *Fischer* that is "clearly irreconcilable" with *Phan*, as would be required to abrogate circuit precedent. *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019). *Fischer* applies Sarbanes-Oxley to a defendant who delayed certification of the 2020 Presidential election. It has nothing to do with securities or the 1933 Act; it interprets different statutory text in a very different statutory context. The one similarity between the relevant provisions—that they both use the common catch-all "otherwise"—is far too thin a reed on which to disregard circuit precedent, especially given *Fischer*'s own emphasis on "reviewing text in context." *Fischer*, 2024 WL 3208034, at *4. Indeed, context makes clear that the two statutes are not of a kind. For one thing, *Fischer* relied heavily on the principle that an "otherwise" clause can be narrowed by a "preceding list," *id.* at *6, but that principle does not apply where, as in Section 5, only a single term precedes the "otherwise." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 225 (2008) (canon does not apply to a phrase that "is disjunctive, with one specific and one general category"); *see* 15 U.S.C. § 77e ("prospectus or otherwise"). For another, Sarbanes-Oxley has no parallel to Section 4(a)(1) of the 1933 Act, which specifically exempts non-issuer transactions from Section 5's reach and would be superfluous if Section 5 were itself limited to initial offerings (which always involve issuers). *See* 15 U.S.C. § 77d(a)(1). For these reasons, and the reasons in prior briefing, the Court should reject Defendant's attempt to narrow Section 5's scope.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Charles Gerstein*
Charles Gerstein
(*pro hac vice*)
Emily Gerrick
(*pro hac vice forthcoming*)
GERSTEIN HARROW LLP
1001 G Street NW, Suite 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Michael Lieberman*
Michael Lieberman
(*pro hac vice*)
James Crooks
(*pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th Street NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
michael@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiff*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**