Jason Gottlieb (NY Bar. No. 4056008)
*Pro hac vice*
jgottlieb@morrisoncohen.com
Michael Mix (NY Bar. No. 5020201)
*Pro hac vice*
mmix@morrisoncohen.com
Rachel Fleder (NY Bar. No. 5796040)
*Pro hac vice*
rfleder@morrisoncohen.com
MORRISON COHEN, LLP
909 Third Avenue
New York, NY 10022-4784
Telephone:  (212) 735-8600
Facsimile:   (212) 735-8708

Ellen London (SBN 325580)
elondon@londonnaor.com
LONDON & NAOR P.C.
1999 Harrison St., Suite 2010
Oakland, CA 94612
Telephone:  (415) 862-8494

*Attorneys for Defendant Dragonfly*
*Digital Management LLC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> LIDO DAO, a general partnership; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC <br><br> Defendants. | Case No. 3:23-cv-6492-VC <br><br> **DEFENDANT DRAGONFLY DIGITAL MANAGEMENT LLC'S ANSWER AND CONDITIONAL COUNTERCLAIMS** |

Defendant Dragonfly Digital Management LLC ("Dragonfly")[1] responds to the First Amended Complaint, dated April 3, 2024 (ECF No. 54, the "Amended Complaint") of Plaintiff Andrew Samuels. Dragonfly responds to the Amended Complaint subject to and without waiving defenses. Dragonfly denies the factual allegations and characterizations in the Amended Complaint except as expressly admitted herein.

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint.

4.      States that to the extent the allegations in Paragraph 4 of the Amended Complaint set forth a legal conclusion, no response is required. Otherwise denies the allegations.

5.      States that to the extent the allegations in Paragraph 5 of the Amended Complaint set forth a legal conclusion, no response is required. Otherwise denies the allegations in the first and second sentences of Paragraph 5 of the Amended Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 of the Amended Complaint, and admits the allegation in the fourth sentence of Paragraph 5 of the Amended Complaint that the individuals listed in the third sentence of Paragraph 5 of the Amended Complaint are not named as Defendants.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8.      Denies the allegations in the first three sentences of Paragraph 8 of the Amended Complaint. In response to the allegations in the fourth sentence of Paragraph 8 of the Amended

---

[1]      The Amended Complaint uses the term "Dragonfly" throughout but never defines it. This Answer assumes that references in the Amended Complaint to "Dragonfly" are to "Dragonfly Digital Management LLC."

1  Complaint, respectfully refers the Court to the statement referred to therein for its true and correct

2  contents and otherwise denies knowledge or information sufficient to form a belief as to the truth

3  of the allegations.

4      9.      Denies knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 9 of the Amended Complaint.

6      10.     Denies knowledge or information sufficient to form a belief as to the truth of the

7  allegations in Paragraph 10 of the Amended Complaint.

8      11.     States that to the extent the allegations in Paragraph 11 of the Amended Complaint

9  set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

10     12.     States that to the extent the allegations in Paragraph 12 of the Amended Complaint

11  set forth a legal conclusion, no response is required.  Admits that Dragonfly has headquarters in

12  California.  Otherwise denies knowledge or information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 12 of the Amended Complaint.

14     13.     States that to the extent the allegations in Paragraph 13 of the Amended Complaint

15  set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information

16  sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended

17  Complaint.

18     14.     States that to the extent the allegations in Paragraph 14 of the Amended Complaint

19  set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information

20  sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended

21  Complaint.

22     15.     Denies knowledge or information sufficient to form a belief as to the truth of the

23  allegations in Paragraph 15 of the Amended Complaint.

24     16.     Denies knowledge or information sufficient to form a belief as to the truth of the

25  allegations in Paragraph 16 of the Amended Complaint.

26     17.     Denies knowledge or information sufficient to form a belief as to the truth of the

27  allegations in Paragraph 17 of the Amended Complaint.

28

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint.

26.     States that to the extent the allegations in Paragraph 26 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint.

29.     States that to the extent the allegations in Paragraph 29 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint.

38.     Denies the allegation concerning Dragonfly in the fourth sentence of Paragraph 38 of the Amended Complaint.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint.

45.     In response to the allegations in Paragraph 45 of the Amended Complaint, respectfully refers the Court to the statements therein for their true and correct contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     In response to the allegations in Paragraph 46 of the Amended Complaint, respectfully refers the Court to the statements referred to therein for their full and complete contents, and otherwise denies the allegations.

47.     In response to Paragraph 47 of the Amended Complaint, respectfully refers the Court to the statements referred to therein for their full and complete contents, and otherwise denies the allegations.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint.

1    69.    Denies knowledge or information sufficient to form a belief as to the truth of the

2    allegations in Paragraph 69 of the Amended Complaint.

3    70.    Denies knowledge or information sufficient to form a belief as to the truth of the

4    allegations in Paragraph 70 of the Amended Complaint.

5    71.    Denies knowledge or information sufficient to form a belief as to the truth of the

6    allegations in Paragraph 71 of the Amended Complaint.

7    72.    Denies knowledge or information sufficient to form a belief as to the truth of the

8    allegations in Paragraph 72 of the Amended Complaint.

9    73.    Denies knowledge or information sufficient to form a belief as to the truth of the

10   allegations in Paragraph 73 of the Amended Complaint.

11   74.    Denies knowledge or information sufficient to form a belief as to the truth of the

12   allegations in Paragraph 74 of the Amended Complaint.

13   75.    Denies knowledge or information sufficient to form a belief as to the truth of the

14   allegations in Paragraph 75 of the Amended Complaint.

15   76.    Denies knowledge or information sufficient to form a belief as to the truth of the

16   allegations in Paragraph 76 of the Amended Complaint.

17   77.    Denies the allegations in Paragraph 77 of the Amended Complaint.

18   78.    In response to Paragraph 78 of the Amended Complaint, respectfully refers the

19   Court to the statement and proposal referred to therein for their full and complete contents, and

20   otherwise denies the allegations.

21   79.    In response to the first sentence of Paragraph 79 of the Amended Complaint,

22   respectfully refers the Court to the proposal that eventually passed and otherwise denies the

23   allegations.  Denies knowledge or information sufficient to form a belief as to the truth of the

24   allegations in the second sentence of Paragraph 79 of the Amended Complaint.  In response to the

25   third sentence of Paragraph 79 of the Amended Complaint, respectfully refers the Court to the

26   proposal that eventually passed and otherwise denies the allegations.

27   80.    Denies knowledge or information sufficient to form a belief as to the truth of the

28   allegations in Paragraph 80 of the Amended Complaint.

7

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint.

82.     States that to the extent the allegations in Paragraph 82 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Amended Complaint.

83.     States that to the extent the allegations in Paragraph 83 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

84.     States that to the extent the allegations in Paragraph 84 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

85.     States that to the extent the allegations in Paragraph 85 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

86.     States that to the extent the allegations in Paragraph 86 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

87.     States that to the extent the allegations in Paragraph 87 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

88.     States that to the extent the allegations in Paragraph 88 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

89.     States that to the extent the allegations in Paragraph 89 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Amended Complaint.

91.     States that to the extent the allegations in Paragraph 91 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

92.     States that to the extent the allegations in Paragraph 92  of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

93.     States that to the extent the allegations in Paragraph 93 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations in the first sentence of Paragraph 93 of the Amended Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 93 of the Amended Complaint.

94.     States that to the extent the allegations in Paragraph 94 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

95.     States that to the extent the allegations in Paragraph 95 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Amended Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Amended Complaint.

101.    States that the extent that the allegations in Paragraph 101 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise, denies the allegations.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Amended Complaint.

9

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Amended Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Amended Complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Amended Complaint.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Amended Complaint.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Amended Complaint.

110.     States that to the extent the allegations in Paragraph 110 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Amended Complaint.

112.     States that to the extent the allegations in Paragraph 112 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Amended Complaint.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint.

115.     Denies the allegations in the first sentence of Paragraph 115 of the Amended Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of Paragraph 115 of the Amended Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Amended Complaint.

117.     States that to the extent the allegations in Paragraph 117 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

118.    States that to the extent the allegations in Paragraph 118 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

119.    States that to the extent the allegations in Paragraph 119 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

120.    States that to the extent the allegations in Paragraph 120 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint.

122.    States that to the extent the allegations in Paragraph 122 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

123.    States that to the extent the allegations in Paragraph 123 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

124.    States that to the extent the allegations in Paragraph 124 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

125.    States that to the extent the allegations in Paragraph 125 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

126.    States that to the extent the allegations in Paragraph 126 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

127.    States that to the extent the allegations in Paragraph 127 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

128.    States that to the extent the allegations in Paragraph 128 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

129.    States that to the extent the allegations in Paragraph 129 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

130.    States that to the extent the allegations in Paragraph 130 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

131.    States that to the extent the allegations in Paragraph 131 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

132.     Repeats and re-alleges the answers to Paragraphs 1-131 of the Amended Complaint.

133.     States that to the extent the allegations in Paragraph 133 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

134.     States that to the extent the allegations in Paragraph 134 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

135.     States that to the extent the allegations in Paragraph 135 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

136.     States that to the extent the allegations in Paragraph 136 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

137.     States that to the extent the allegations in Paragraph 137 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

138.     States that to the extent the allegations in Paragraph 138 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

139.     States that to the extent the allegations in Paragraph 139 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Amended Complaint.

141.     States that to the extent the allegations in Paragraph 141 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

142.     States that to the extent the allegations in Paragraph 142 of the Amended Complaint set forth a legal conclusion, no response is required.  Otherwise denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because the Amended Complaint fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of *in pari delicto*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

12

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by Plaintiff's own actions or failure to act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is not well grounded in fact and is not warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because LDO is not a security under any applicable securities laws.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Dragonfly is not a statutory seller of securities.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because the Lido DAO is not a partnership.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because even if the Lido DAO were a partnership, Dragonfly is not a partner, and Dragonfly cannot be held liable for the actions of Lido DAO.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff has not suffered any damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because even if Plaintiff could demonstrate that he suffered any damages, Plaintiff cannot demonstrate that either Dragonfly or the "Lido DAO" caused any of his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because even assuming *arguendo* that LDO

is a security, LDO is exempt from the registration requirements of the Securities Act and/or the regulations promulgated thereunder.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because they cannot show that Dragonfly was the cause of Plaintiff's alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff lacks standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff has failed to name one or more necessary parties in this litigation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Dragonfly is deemed jointly and severally liable for any of Plaintiff's damages, Plaintiff's damages should be reduced in whole or offset by Plaintiff's own commensurate liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Lido DAO did not violate Section 12 of the Securities Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Dragonfly did not violate Section 12 of the Securities Act.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Section 12 of the Securities Act only applies to direct issuances of securities, not to secondary sales.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is time barred, in whole or in part, by the applicable statute of limitations and repose.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is subject to arbitration.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Dragonfly reserves the right to assert and rely on additional defenses which become available or apparent in this action.

**WHEREFORE**, Dragonfly respectfully prays that the Court dismiss the Amended Complaint, grant judgment in favor of Dragonfly on all claims, and grant such other and further relief as the Court deems just and proper.

**CONDITIONAL COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Dragonfly Digital Management LLC ("Dragonfly") for its Conditional Counterclaims (the "Conditional Counterclaims") against Plaintiff and Counterclaim-Defendant Andrew Samuels ("Plaintiff"), hereby alleges as follows:

1.      As alleged in Plaintiff's Amended Complaint dated April 3, 2024 (ECF No. 54, the "Amended Complaint" or the "AC"), Plaintiff held LDO tokens.  (AC ¶ 10).

2.      Specifically, Plaintiff alleges he acquired approximately 132 LDO in April and May 2023 and sold his LDO in June 2023.  (AC ¶ 10).

3.      LDO is the governance token of the Lido Protocol.

4.      Plaintiff, in his Amended Complaint, takes the position that the Lido DAO is a general partnership, and that "Partner Defendants" (including Dragonfly) are general partners that are jointly and severally liable for the Lido DAO's unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933. (AC ¶ 5).

5.      Plaintiff alleges that by "purchas[ing] LDO," a person "thereby join[s] the Lido DAO." (AC ¶ 74). Under this theory, every purchaser or holder of LDO would be a general partner in the Lido DAO.

6.      Without admitting any of the allegations in the Amended Complaint (except as noted in Dragonfly's Answer above), if, and only if, it is judicially determined that a community of LDO tokenholders is a legal partnership, then Plaintiff, as a LDO tokenholder, is also a partner in the alleged partnership.

**Jurisdiction**

7. Pursuant to Local Civil Rule 3-5(a), the basis for federal jurisdiction is 28 U.S.C. § 1367(a). The Conditional Counterclaims are related to claims in Plaintiff's Amended Complaint such that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Plaintiff because he has sued Dragonfly in this Court and consented to its jurisdiction. The Court has personal jurisdiction over Plaintiff for the additional reason that, upon information and belief, he is domiciled in California. (AC ¶ 10).

**First Conditional Counterclaim for Contribution and/or Indemnification**

(Against Plaintiff)

9. Dragonfly realleges and incorporates by reference all prior paragraphs as if fully restated herein.

10. A party to a joint and several obligation who satisfies more than its share of a claim against all is entitled to contribution or indemnification from all of the parties joined with it.

11. As alleged in the Amended Complaint, Plaintiff held approximately 132 LDO tokens.

12. Plaintiff's theory in his Amended Complaint is that (i) a person joins the Lido DAO by purchasing Lido and (ii) the so-called "Partner Defendants" are general partners in the Lido DAO, and are jointly and severally liable for the Lido DAO's unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933.

13. Under Plaintiff's theory, Plaintiff is also a general partner in the Lido DAO because he also purchased and held LDO tokens. Accordingly, if, under Plaintiff's theory, each and every general partner in the LDO DAO is jointly and severally liable for the unregistered offer and sale of securities, Plaintiff is also jointly and severally liable.

14. Dragonfly and the other so-called "Partner Defendants" are contesting that the Lido DAO is a general partnership. Yet, without admitting any of the allegations in the Amended Complaint (except as noted in Dragonfly's Answer above) and if, and only if: (i) a community of LDO tokenholders is judicially determined to be a general partnership, (ii) Dragonfly is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged

partnership, and (iv) an adverse judgment is entered against Dragonfly in its capacity as a supposed partner in the alleged partnership, then Dragonfly is entitled to equitable contribution or indemnification from Plaintiff as another partner in the alleged partnership.

15.     Dragonfly should not, and is not legally required to, bear the monetary responsibility of an adverse judgment against the alleged partnership itself.  Plaintiff is equally jointly and severally liable for the obligations of the alleged partnership.

16.     Accordingly, in the event that there is a judicial determination meeting the above conditions, then Plaintiff is jointly and severally liable for any and all damages assessed against the partnership.  Dragonfly is entitled to equitable contribution or indemnification from Plaintiff for his share of any adverse judgment entered against the alleged partnership.

**Second Conditional Counterclaim for Reimbursement Under the Partnership Act,**

**Cal. Corp. Code § 16100 *eq seq.***

(Against Plaintiff)

17.     Dragonfly realleges and incorporates by reference all prior paragraphs as if fully restated herein.

18.     A party to a joint and several obligation who satisfies more than its share of a claim against all is entitled to contribution or indemnification from all of the parties joined with it.

19.     As alleged in the Amended Complaint, Plaintiff held approximately 132 LDO tokens.

20.     Plaintiff's theory in his Amended Complaint is that (i) a person joins the Lido DAO by purchasing Lido and (ii) the so-called "Partner Defendants" are general partners in the Lido DAO, and are jointly and severally liable for the Lido DAO's unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933.

21.     However, under Plaintiff's theory, Plaintiff is also a general partner in the Lido DAO because he purchased and held LDO tokens.  Accordingly, if, under Plaintiff's theory, each and every general partner in the Lido DAO is jointly and severally liable for the unregistered offer and sale of securities, Plaintiff is also jointly and severally liable.

22. Dragonfly and the other so-called "Partner Defendants" are contesting that the so-called Lido DAO is a general partnership. Yet, without admitting any of the allegations in the Amended Complaint (except as noted in Dragonfly's Answer above) and if, and only if: (i) a community of LDO tokenholders is judicially determined to be a general partnership, (ii) Dragonfly is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Dragonfly in its capacity as a supposed partner in the alleged partnership, then Plaintiff is jointly and severally liable to the putative class for any unrecovered amounts of an adverse judgment entered against the Lido DAO.

23. In the event that there is a judicial determination meeting the above conditions, then Dragonfly is entitled to reimbursement from Plaintiff as another partner of the alleged partnership, who is jointly and severally liable for the adverse judgment against the partnership, and Dragonfly's actual legal fees and costs associated with the instant case.

### Third Conditional Counterclaim for Breach of Duty Under the Partnership Act, Cal. Corp. Code § 16100 *eg seq.*

(Against Plaintiff)

24. Dragonfly realleges and incorporates by reference all prior paragraphs as if fully restated herein.

25. Under both the Partnership Act of 1994, Cal Corp. Code § 16100 *et seq.*, and common law, a partnership owes to the partnership and its partners a duty of loyalty and a duty of care.

26. As alleged in the Amended Complaint, Plaintiff held approximately 132 LDO tokens.

27. Plaintiff's theory in his Amended Complaint is that (i) a person joins the Lido DAO by purchasing Lido and (ii) the so-called "Partner Defendants" are general partners in the Lido DAO, and are jointly and severally liable for the Lido DAO's unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933.

28. However, under Plaintiff's theory, Plaintiff is also a general partner in the Lido DAO because he purchased and held LDO tokens.

29.     Dragonfly and the other so-called "Partner Defendants" are contesting that the so-called Lido DAO is a general partnership.  Yet, without admitting any of the allegations in the Amended Complaint (except as noted in Dragonfly's Answer above) and if, and only if:  (i) a community of LDO tokenholders is judicially determined to be a general partnership, (ii) Dragonfly is determined to be a partner of that alleged partnership, and (iii) an adverse judgment is entered against that alleged partnership, then Plaintiff breached his duties of loyalty and care for the reasons alleged herein, including, but not limited to, permitting his purported partners and their purported partnership to sell or offer for sale allegedly unregistered securities (to be clear, Dragonfly denies that any so-called partnership or any so-called partners sold or offered to sell any unregistered securities), despite believing and without disclosing or otherwise informing the "Lido DAO partnership" or the general partners that such sales or offers for sale violate the federal securities laws.

30.     As a consequence of Plaintiff's breach of duty, Dragonfly has been damaged in an amount to be determined at trial.

## Fourth Conditional Counterclaim for Declaratory Judgment

### (Against Plaintiff)

31.     Dragonfly realleges and incorporates by reference all prior paragraphs as if fully restated herein.

32.     As alleged in the Amended Complaint, Plaintiff held approximately 132 LDO tokens.

33.     Plaintiff's theory in his Amended Complaint is that (i) a person joins the Lido DAO by purchasing Lido and (ii) the so-called "Partner Defendants" are general partners in the Lido DAO, and are jointly and severally liable for the Lido DAO's unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933.

34.     However, under Plaintiff's theory, Plaintiff is also a general partner in the Lido DAO because he purchased and held LDO tokens.

35.     An actual, present, and justiciable controversy has arisen between the parties having adverse legal interests concerning whether Plaintiff is a general partner of the Lido DAO and is thus jointly and severally liable for any judgment issued against the Lido DAO.

36.     Dragonfly and the other so-called "Partner Defendants" are contesting that the Lido DAO is a general partnership.  Yet, without admitting any of the allegations in the Amended Complaint (except as noted in Dragonfly's Answer above) and if, and only if:  (i) a community of LDO tokenholders is judicially determined to be a general partnership, (ii) Dragonfly is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Dragonfly in its capacity as a supposed partner in the alleged partnership, then Dragonfly is entitled to a declaration that Plaintiff is a general partner of such general partnership and is jointly and severally liable for any judgment issued against that partnership.

## Prayer for Relief

Dragonfly, without admitting any of the allegations in the Amended Complaint and if, and only if, (i) a community of LDO tokenholders is judicially determined to be a general partnership, (ii) Dragonfly is determined to be a partner of that alleged partnership, (iii) an adverse judgment is entered against that alleged partnership, and (iv) an adverse judgment is entered against Dragonfly in its capacity as a supposed partner in the alleged partnership, respectfully requests that the Court enter judgment on its behalf against Plaintiff as follows:

1.     Awarding Dragonfly damages in an amount to be determined at trial;

2.     Awarding Dragonfly reasonable attorneys' fees, costs, and expenses;

3.     Awarding Dragonfly prejudgment and post judgment interest;

4.     Declaring that Plaintiff is a general partner of the general partnership alleged by Plaintiff and is jointly and severally liable for any judgment issued against that partnership; and

5.     Granting such other and further relief as the Court deems just and proper.

December 18, 2024

MORRISON COHEN LLP

*/s/ Jason Gottlieb*
Jason Gottlieb (Admitted *pro hac vice*)
Michael Mix (Admitted *pro hac vice*)
Rachel Fleder (Admitted *pro hac vice*)
909 Third Avenue
New York, New York 10022
jgottlieb@morrisoncohen.com
mmix@morrisoncohen.com
rfleder@morrisoncohen.com
(212) 735-8600

LONDON & NAOR P.C.
Ellen London
1999 Harrison St., Suite 2010
Oakland, CA 94612
elondon@londonnaor.com
(415) 862-8494

*Attorneys for Defendant*
*Dragonfly Digital Management LLC*