PETER B. MORRISON (SBN 230148)
Peter.Morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
Zack.Faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

ALEXANDER C. DRYLEWSKI (*pro hac vice*)
alexander.drylewski@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (212) 735-0411

*Attorneys for Defendant*
*Paradigm Operations LP*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LIDO DAO; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC; ROBOT VENTURES LP,<br><br>Defendants. | Case No. 3:23-cv-06492-VC<br><br>**DEFENDANT PARADIGM OPERATIONS LP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, AND CONDITIONAL COUNTERCLAIMS** |

Defendant Paradigm Operations LP ("Paradigm"), by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint (ECF No. 54 ("Amended Complaint" or "AC")). Paradigm denies all of the Amended Complaint's allegations unless expressly admitted herein. Paradigm's Answer is based upon knowledge as to its own actions and otherwise upon information and belief. To the extent any allegations are directed toward any party other than Paradigm, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them on that basis.

## PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 are based on the ambiguous and inconsistently used terms "Lido DAO," "Lido," and "Lido's business." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1. The allegations regarding staking in Paragraph 1 are overbroad and imprecise, at best. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them. To the extent the allegations in Paragraph 1 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 1. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

2.      Because allegations in Paragraph 2 are based on the ambiguous and inconsistently used terms "Lido," and "Lido's staking business," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2. To the extent the allegations in Paragraph 2 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 2. Paradigm denies the allegations in the second and third sentences of Paragraph 2 to the extent they concern Paradigm, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in those sentences and therefore denies them. To the extent the fifth sentence of Paragraph 2 reflects Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response

is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. As to any remaining factual allegations in Paragraph 2, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

3. To the extent Paragraph 3 reflects Plaintiff's legal conclusions, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. To the extent Paragraph 3 contains factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4. To the extent Paragraph 4 contains allegations regarding Paradigm, Paradigm denies those allegations. To the extent Paragraph 4 alleges conduct by other individuals or entities, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent Paragraph 4 reflects Plaintiff's characterizations and legal conclusions, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security, denies that transactions in LDO are securities, and denies that "Lido" is a statutory seller and is liable to Plaintiff or members of the proposed class for any losses. To the extent the allegations in Paragraph 4 are based on the embedded allegation that "Lido DAO" is a general partnership, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the remaining allegations in Paragraph 4 reflect any factual allegations to which a response is required, Paradigm denies them.

**PARTIES**

5. The first three sentences of Paragraph 5 reflect Plaintiff's characterizations and legal conclusions to which no response is required. To the extent those sentences reflect factual allegations, Paradigm denies that "Lido DAO" is a general partnership and denies that Paradigm is a partner in it, and thus denies the allegations in those three sentences. The fourth sentence of Paragraph 5 reflects Plaintiff's characterization of his own Amended Complaint to which no response is required. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

6. In response to the allegations in Paragraph 6, Paradigm admits that it is an investment firm. Paradigm admits that it is headquartered in San Francisco, California. Paradigm denies the allegations in the second and third sentences of Paragraph 6. The second, third, and fourth sentences also reflect Plaintiff's characterizations and legal conclusions to which no response is required. To the extent a response is required, Paradigm denies that "Lido DAO" is a general partnership and denies that Paradigm is a partner in it, and thus denies the allegations in those three sentences. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

7. To the extent the third, fourth, and fifth sentences of Paragraph 7 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it and thus denies the allegations in those sentences. As to any remaining factual allegations in Paragraph 7, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

8. To the extent the third and fourth sentences of Paragraph 8 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and thus denies the allegations in those sentences. As to any remaining factual allegations in Paragraph 8, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

9. To the extent the third, fourth, and fifth sentences of Paragraph 9 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and thus denies the allegations in those sentences. As to any remaining factual allegations in Paragraph 9, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

10. Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.     The allegations in Paragraph 11 state a legal conclusion to which no response is required.

12.     The allegations in Paragraph 12 state a legal conclusion to which no response is required. To the extent Paragraph 12 contains factual allegations as to Paradigm to which a response is required, Paradigm admits that it is headquartered in San Francisco, California. To the extent Paragraph 12 contains factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

13.     The allegations in Paragraph 13 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13. In addition, the first sentence of Paragraph 13 reflects Plaintiff's characterizations and legal conclusions to which no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security, denies that transactions in LDO are securities, and denies that Paradigm is liable to Plaintiff or members of the proposed class for any losses. To the extent the allegations in Paragraph 13 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the second sentence of Paragraph 13 contains embedded factual allegations as to Paradigm to which a response is required, Paradigm denies them. To the extent the second sentence of Paragraph 13 contains embedded factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent Paragraph 14 contains embedded factual allegations as to Paradigm, Paradigm denies them. To the extent Paragraph 14 contains embedded factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. To the extent the allegations in Paragraph 14 are based on the allegation that "Lido DAO" is a general partnership, Paradigm

denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 14.

## THE ETHEREUM BLOCKCHAIN[1]

15.     Paradigm admits that Satoshi Nakamoto is often credited with creating Bitcoin. The remaining allegations in Paragraph 15 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     The allegations in Paragraph 16 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     The allegations in Paragraph 17 are an overbroad and imprecise explanation of "proof of work" validation. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.     Paradigm admits that Vitalik Buterin is often credited with creating Ethereum, and that Ether is sometimes abbreviated as ETH. The remaining allegations in Paragraph 18 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.     Paradigm admits that DeFi has been used to stand for "decentralized finance" in certain circumstances. The remaining allegations in Paragraph 19 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Paradigm admits that "DAO" has been used as an abbreviation for "Decentralized Autonomous Organization" in certain circumstances. The remaining allegations in Paragraph 20, which purport to describe how all Decentralized Autonomous Organizations function writ large, are overbroad and imprecise, at best. As a result, Paradigm lacks knowledge or information sufficient to form a belief as

---

[1] Paradigm repeats and restates in this Answer the section headings from the Amended Complaint solely for organizational purposes. Paradigm does not adopt, endorse or admit any factual matters contained in the section headings. For the avoidance of doubt, to the extent the section headings in the Amended Complaint purport to contain any factual allegations, Paradigm denies all such allegations.

to the truth of such allegations, and therefore denies them. To the extent the allegations in Paragraph 20 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 20.

21.    Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.    The allegations in Paragraph 22 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.    The allegations in Paragraph 23 are overbroad and imprecise. As a result, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

## THE ETHEREUM MERGE CREATES A BUSINESS OPPORTUNITY

24.    Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.    Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.    The first sentence of Paragraph 26 reflects Plaintiff's characterizations and legal conclusions to which no response is required. To the extent the first sentence of Paragraph 26 contains factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. To the extent the allegations in the second sentence of Paragraph 26 purportedly refer to publicly available information about SEC actions, Paradigm respectfully refers to the referenced materials for their full and accurate contents. As to any remaining allegations in Paragraph 26, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

27.     The allegations in Paragraph 27 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27. To the extent the allegations in Paragraph 27 reflect Plaintiff's embedded legal conclusion that "Lido" or "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 27. To the extent the allegations in Paragraph 27 quote a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct alleged in Paragraph 27. As to any remaining factual allegations in Paragraph 27, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

28.     The allegations in Paragraph 28 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28. To the extent the allegations in Paragraph 28 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 28. As to any remaining factual allegations in Paragraph 28, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

29.     The allegations in Paragraph 29 are based on the ambiguous and inconsistently used terms "Lido" and "Lido DAO." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29. The first and second sentences of Paragraph 29 reflect Plaintiff's characterizations and legal conclusions to which no response is required. To the extent a response is required, Paradigm denies those allegations. To the extent the allegations in those sentences are based on the allegation that "Lido DAO" is a general partnership, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in the third sentence of Paragraph 29 are based on a written or oral statement, Paradigm respectfully refers

7

to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct alleged in Paragraph 29. As to any remaining factual allegations in Paragraph 29, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

30. The allegations in Paragraph 30 are based on the ambiguous and inconsistently used terms "Lido" and "Lido DAO." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30. To the extent the allegations in Paragraph 30 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 30. As to any remaining factual allegations in Paragraph 30, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

31. The allegations in Paragraph 31 are based on the ambiguous and inconsistently used terms "Lido" and "the DAO." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them. To the extent the allegations in Paragraph 31 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 31. As to any remaining factual allegations in Paragraph 31, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

32. The allegations in Paragraph 32 are based on the ambiguous and inconsistently used terms "Lido DAO" and "Lido's treasury." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them. To the extent the allegations in Paragraph 32 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies those allegations. To the extent the third sentence of Paragraph 32 purports to quote an

unidentified news article, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. As to any remaining factual allegations in Paragraph 32, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

33.     The allegations in Paragraph 33 are based on the undefined, ambiguous, and inconsistently used term "Lido business." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33. To the extent the allegations in Paragraph 33 reflect Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. As to any remaining factual allegations in Paragraph 33, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

34.     To the extent the allegations in Paragraph 34 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. As to any remaining factual allegations in Paragraph 34, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

35.     The allegations in Paragraph 35 are based on the undefined, ambiguous, and inconsistently used terms "Lido," "its protocols," and "Lido's treasury." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35. To the extent the allegations in Paragraph 35 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies those allegations. To the extent the allegations in the second sentence of Paragraph 35 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 35. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

36.     To the extent the allegations in Paragraph 36 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 36. To the extent the allegations in Paragraph 36 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

### THE LIDO DAO IS FORMED WITH PARTNER DEFENDANTS AS GENERAL PARTNERS

37.     To the extent the allegations in Paragraph 37 reflect Plaintiff's embedded legal conclusion that "Lido" or "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 37. To the extent the allegations in Paragraph 37 contain embedded factual allegations as to Paradigm, Paradigm denies them. To the extent the allegations in Paragraph 37 contain embedded factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

38.     The allegations in Paragraph 38 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38. Paradigm admits that, in 2021, it or its affiliates purchased LDO tokens subject to restrictions on when the tokens may be sold, but otherwise denies the allegations in the second sentence of Paragraph 38. To the extent the allegations in Paragraph 38 reflect Plaintiff's embedded legal conclusion that "Lido" or "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. As to any remaining factual allegations to which a

response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

39. To the extent the allegations in Paragraph 39 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 39. Paradigm denies any characterizations of itself in Paragraph 39. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

40. The allegations in Paragraph 40 are based on the ambiguous and inconsistently used terms "Lido" and "Lido Finance." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40. To the extent Paragraph 40 purports to quote a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations in Paragraph 40 of any statements or conduct by or about Paradigm. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

41. To the extent the allegations in Paragraph 41 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 41. To the extent the allegations in Paragraph 41 reflect Plaintiff's embedded legal conclusion that "Lido" or "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 41. To the extent Paragraph 41 purports to quote a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct by or about Paradigm in Paragraph 41. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

42. To the extent the allegations in Paragraph 42 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct by or about Paradigm in Paragraph 42. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

43. To the extent the allegations in Paragraph 43 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

44. To the extent the allegations in Paragraph 44 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

45. To the extent the allegations in Paragraph 45 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

46. The allegations in Paragraph 46 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46. To the extent the allegations in Paragraph 46 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 46. To the extent the allegations in Paragraph 46 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 46. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

47. The allegations in Paragraph 47 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47. To the extent the allegations in Paragraph 47 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 47. To the extent the allegations in Paragraph 47 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 47. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

### DEFENDANTS SELL LDO TO THE PUBLIC

48. To the extent Paragraph 48 reflects Plaintiff's characterizations and legal conclusions, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. To the extent the allegations in Paragraph 48 are based on the embedded allegation that "Lido DAO" is a general partnership, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent Paragraph 48 contains additional embedded factual allegations as to Paradigm to which a response is required, Paradigm denies them. To the extent Paragraph 48 contains embedded factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. To the extent the remaining allegations in Paragraph 48 reflect any factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

49. Paragraph 49 reflects Plaintiff's characterizations and legal conclusions to which no response is required. To the extent a response is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. As to any remaining factual allegations to which a response

is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

50. To the extent the allegations in Paragraph 50 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 50. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

51. The allegations in Paragraph 51 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51. Paradigm denies that Hasu was or is a Paradigm employee. To the extent the allegations in Paragraph 51 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 51. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

52. The allegations in Paragraph 52 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52. To the extent the allegations in Paragraph 52 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 52. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

53. To the extent the allegations in Paragraph 53 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 53 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 53. As to any remaining

14

factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

54. To the extent the allegations in Paragraph 54 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 54 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 54. To the extent there are any remaining factual allegations regarding Paradigm in Paragraph 54, Paradigm denies them. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

55. To the extent the allegations in Paragraph 55 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 55. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

56. The allegations in Paragraph 56 are based on the ambiguous and inconsistently used terms "Lido DAO," "Lido," and "[m]embers of the Lido DAO team." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56. To the extent the allegations in Paragraph 56 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent there are any remaining factual allegations regarding Paradigm in Paragraph 56, Paradigm denies them. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

57. Paradigm lacks sufficient knowledge or information to form a belief as to when LDO became available for trading on Coinbase, and on that basis denies the allegations in the first sentence of

Paragraph 57.[2] To the extent the allegations in Paragraph 57 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 57. To the extent the allegations in Paragraph 57 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

58. The allegations in Paragraph 58 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58. Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and therefore denies them.

59. The allegations in Paragraph 59 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59. To the extent the allegations in Paragraph 59 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 59. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

60. Paradigm lacks sufficient knowledge or information to form a belief as to when LDO became available for trading on Gemini, and on that basis denies the allegations in the first sentence of Paragraph 60.[3] The remaining allegations in Paragraph 60 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 60. To the extent the allegations in Paragraph 60 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining

---

[2] Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1, and therefore denies them.

[3] Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2, and therefore denies them.

PARADIGM OPERATIONS LP'S ANSWER, AFFIRMATIVE DEFENSES, AND CONDITIONAL COUNTERCLAIMS
CASE NO. 3:23-CV-06492-VC

allegations in Paragraph 60, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

61. The allegations in Paragraph 61 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61. To the extent the allegations in Paragraph 61 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 61. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

62. To the extent the allegations in Paragraph 62 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents.[4] Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 62. To the extent the allegations in Paragraph 62 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

63. The allegations in Paragraph 63 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63. To the extent the allegations in Paragraph 63 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 63. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

64. The allegations in Paragraph 64 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64. To the extent the allegations in Paragraph 64 are based on

---

[4] Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnotes 3 and 4, and therefore denies them.

written or oral statements, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 64. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

65. Paradigm denies the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 purportedly refer to publicly available data regarding the trading volume and other information concerning LDO tokens, that publicly available data and information speak for themselves. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

67. The allegations in Paragraph 67 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67. To the extent the allegations in Paragraph 67 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 67 are based on written or oral statements, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 67. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

68. The allegations in Paragraph 68 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68. To the extent the allegations in Paragraph 68 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 68 are based on written or oral statements, Paradigm respectfully refers to the referenced materials for their full and accurate

contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 68. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

69.     The allegations in Paragraph 69 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69. To the extent the allegations in Paragraph 69 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 69 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 69. To the extent the allegations in Paragraph 69 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

70.     The allegations in Paragraph 70 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70. To the extent the allegations in Paragraph 70 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 70. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

### LIDO'S DAY-TO-DAY OPERATIONS

71.     The allegations in Paragraph 71 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71. As to the remaining allegations, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

72.     The allegations in Paragraph 72 are vague and unclear, and as a result Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations. As to the remaining allegations, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

73.     The allegations in Paragraph 73 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74.     The allegations in Paragraph 74 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74. To the extent the allegations in Paragraph 74 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 74. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

75.     The allegations in Paragraph 75 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75. To the extent the allegations in Paragraph 75 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 75 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

76.     To the extent the allegations in Paragraph 76 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 76. To the extent the allegations in

Paragraph 76 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 76 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

77. To the extent the allegations in Paragraph 77 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 77 refer to a publicly available governance proposal, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct alleged in Paragraph 77. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies them.

78. To the extent the allegations in Paragraph 78 are based on written or oral statements, Paradigm respectfully refers to the referenced materials for their full and accurate contents.[5] Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 78. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

79. To the extent the allegations in Paragraph 79 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. Paradigm denies Plaintiff's characterization that "ordinary investors have no hope of stopping governance proposals from Partner Defendants" in the third sentence of Paragraph 79. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80. The allegations in Paragraph 80 are based on the ambiguous and inconsistently used term "Lido." Given that ambiguity, Paradigm lacks knowledge or information sufficient to form a belief as to

---

[5] Paradigm admits the allegations in footnote 5.

the truth of the allegations in Paragraph 80. To the extent the allegations in Paragraph 80 refer to a publicly available governance proposal, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct alleged in Paragraph 80. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

81.     To the extent the allegations in Paragraph 81 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 81 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81. To the extent the allegations in Paragraph 81 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 81. To the extent the allegations in Paragraph 81 reflect Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

82.     To the extent the allegations in Paragraph 82 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 82 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82. Paradigm otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

**TRANSACTIONS IN LDO TOKENS ARE SECURITIES**

83.     To the extent the allegations in Paragraph 83 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm

denies Plaintiff's characterizations of any statements or conduct in Paragraph 83. Paradigm denies any remaining allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 84. Paradigm denies any remaining allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 85. Paradigm denies any remaining allegations in Paragraph 85.

86. The allegations in Paragraph 86 state legal conclusions for which no response is required.

87. The allegations in Paragraph 87 state legal conclusions for which no response is required.

88. The allegations in Paragraph 88 state legal conclusions for which no response is required. To the extent a response is required, Paradigm states that, to the extent the allegations in Paragraph 88 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 88. Paradigm denies any remaining allegations in Paragraph 88.

89. The allegations in Paragraph 89 state legal conclusions for which no response is required. To the extent a response is required, Paradigm states that, to the extent the allegations in Paragraph 89 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 89. Paradigm denies any remaining allegations in Paragraph 89.

90. Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91. The allegations in Paragraph 91 state legal conclusions for which no response is required. To the extent a response is required, Paradigm states that, to the extent the allegations in Paragraph 91 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full

and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 91. Paradigm denies any remaining allegations in Paragraph 91.

92.     The allegations in Paragraph 92 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies the allegations. To the extent the allegations in Paragraph 92 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92. To the extent the allegations in Paragraph 92 are based on the allegation that "Lido DAO" is a general partnership, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it.

93.     To the extent the allegations in Paragraph 93 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 93 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 93. To the extent the allegations in Paragraph 93 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 93 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

94.     The allegations in Paragraph 94 state legal conclusions for which no response is required. To the extent a response is required, Paradigm states that, to the extent the allegations in Paragraph 94 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 94. Paradigm denies any remaining allegations in Paragraph 94.

95.     To the extent the allegations in Paragraph 95 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95. To the extent the allegations in Paragraph 95 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 95. To the extent

the allegations in Paragraph 95 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 95 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

96.     To the extent the allegations in Paragraph 96 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96. To the extent the allegations in Paragraph 96 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 96. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

97.     To the extent the allegations in Paragraph 97 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97. To the extent the allegations in Paragraph 97 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 97. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

98.     To the extent the allegations in Paragraph 98 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98. To the extent the allegations in Paragraph 98 are based on written or oral statements, Paradigm states that any such statements speak for themselves. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 98. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

99.     To the extent the allegations in Paragraph 99 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99. To the extent the allegations in Paragraph 99 are based on written or oral

statements, Paradigm states that any such statements speak for themselves. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 99. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

100.    To the extent the allegations in Paragraph 100 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100. To the extent the allegations in Paragraph 100 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 100. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

101.    To the extent the allegations in Paragraph 101 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101. To the extent the allegations in Paragraph 101 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it, and therefore denies the allegations in Paragraph 101. To the extent the allegations in Paragraph 101 reflect Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. To the extent any remaining allegations in Paragraph 101 reflect any factual allegations to which a response is required, Paradigm denies them.

102.    To the extent the allegations in Paragraph 102 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102. Paradigm otherwise denies the allegations in Paragraph 102.

103.     To the extent the allegations in Paragraph 103 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103. To the extent the allegations in Paragraph 103 purportedly refer to publicly available data regarding the price of LDO tokens, Paradigm respectfully refers to the referenced materials for their full and accurate contents. To the extent the allegations in Paragraph 103 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 103. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

104.     To the extent the allegations in Paragraph 104 purportedly refer to publicly available data regarding the price of LDO tokens, Paradigm respectfully refers to the referenced materials for their full and accurate contents. To the extent the allegations in Paragraph 104 are based on a written or oral statement, Paradigm respectfully refers to the referenced materials for their full and accurate contents. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 104. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

105.     To the extent the allegations in Paragraph 105 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105. To the extent the allegations in Paragraph 105 are based on written or oral statements, Paradigm states that any such statements speak for themselves. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 105. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

106.     Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

107.     Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies them. To the extent the allegations in Paragraph 107

reflect Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities.

108.     To the extent the allegations in Paragraph 108 are based on the ambiguous terms "regular investors" and "ordinary investors," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies them. Paradigm denies any remaining allegations in Paragraph 108.

109.     Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies them. To the extent the allegations in Paragraph 109 reflect Plaintiff's embedded legal conclusions that LDO or transactions in LDO are securities, no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities.

110.     Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies them.

111.     To the extent the allegations in Paragraph 111 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 111 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 111 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

112.     The allegations in Paragraph 112 state legal conclusions for which no response is required. To the extent a response is required, Paradigm states that, to the extent the allegations in Paragraph 112 are based on written or oral statements, any such statements speak for themselves. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 112. Paradigm denies any remaining allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 contain embedded factual allegations as to Paradigm, Paradigm denies them. To the extent the allegations in Paragraph 113 contain embedded factual allegations as to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

114.    Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies them.

115.    To the extent the allegations in Paragraph 115 are based on the ambiguous and inconsistently used term "Lido," Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115. To the extent the allegations in Paragraph 115 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 115 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 115 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Paradigm denies any remaining allegations in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 116, and therefore denies them. To the extent the allegations in the second sentence of Paragraph 116 relate to Paradigm, Paradigm denies them. To the extent the allegations in the second sentence of Paragraph 116 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Paradigm denies the remaining allegations in Paragraph 116.

# CLASS ACTION ALLEGATIONS

117.    Paragraph 117 reflects Plaintiff's characterization of the Amended Complaint and his litigation strategy in this case. No response is required. To the extent a response is required, Paradigm generally denies the allegations in the Amended Complaint.

118.    The allegations in Paragraph 118 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

119.    Paradigm admits that Plaintiff has been appointed as Lead Plaintiff in this action.

*Numerosity*

120.    The allegations in Paragraph 120 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

121.    Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122.    The allegations in Paragraph 122 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

*Commonality*

123.    The allegations in Paragraph 123 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

*Typicality*

124.    The allegations in Paragraph 124 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

*Adequacy*

125.    The allegations in Paragraph 125 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

126.    The allegations in Paragraph 126 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

127.    The allegations in Paragraph 127 describe a request that Plaintiff apparently intends to make in a future motion. No response to those allegations is required.

128.    Paradigm admits that Gerstein Harrow, LLP, and Fairmark Partners, LLP represent the plaintiffs in *Houghton v. Compound DAO*, 22-cv-7781 (N.D. Cal.). Paradigm admits the allegations in the second sentence of Paragraph 128. Paradigm denies any remaining allegations in Paragraph 128.

129.    The allegations in Paragraph 129 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

*Predominance and Superiority*

130.    The allegations in Paragraph 130 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

131.    The allegations in Paragraph 131 state legal conclusions for which no response is required. To the extent a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore denies them.

**CLAIM FOR RELIEF**

132.    Paradigm realleges and reincorporates by reference its responses in all the foregoing Paragraphs in this Answer, in their entirety, as set forth herein.

133.    The allegations in Paragraph 133 state legal conclusions for which no response is required. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 133.

134.    The allegations in Paragraph 134 state legal conclusions for which no response is required. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 134.

135.    The allegations in Paragraph 135 state legal conclusions for which no response is required. Paradigm denies Plaintiff's characterizations of any statements or conduct in Paragraph 135.

136.    The allegations in Paragraph 136 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

137.    To the extent the allegations in Paragraph 137 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 137 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 137 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks

knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Paradigm denies any remaining allegations in Paragraph 137.

138. To the extent the allegations in Paragraph 138 reflect Plaintiff's embedded legal conclusion that "Lido DAO" is a general partnership, no response is required. To the extent a response to that legal conclusion is required, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 138 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 138 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Paradigm denies any remaining allegations in Paragraph 138.

139. The allegations in Paragraph 139 state legal conclusions for which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 139 are based on the allegation that "Lido DAO" is a general partnership, Paradigm denies that any such partnership exists and denies that Paradigm is a partner in it. To the extent the allegations in Paragraph 139 are based on alleged statements or conduct by Paradigm, Paradigm denies the allegations. To the extent the allegations in Paragraph 139 relate to any other Defendant in this case or any other individual or entity not a party to this case, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Paradigm denies any remaining allegations in Paragraph 139.

140. The allegations in Paragraph 140 state legal conclusions for which no response is required. To the extent a response to those legal conclusions is required, Paradigm denies that LDO is a security and denies that transactions in LDO are securities. As to any remaining factual allegations to which a response is required, Paradigm lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them.

141. The allegations in Paragraph 141 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

142. The allegations in Paragraph 142 state legal conclusions for which no response is required. To the extent a response is required, Paradigm denies such allegations.

# **PRAYER FOR RELIEF**

143.     Paradigm denies that Plaintiff is entitled to any of the relief he requests or to any other relief based on the allegations in the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

As separate defenses to the Amended Complaint, and without assuming the burden of proof to which they have no such burden, Paradigm states as follows:

### **FIRST AFFIRMATIVE DEFENSE**

#### **(Mandatory Arbitration)**

Plaintiff's claims in the Amended Complaint are subject to mandatory arbitration pursuant to a valid and enforceable arbitration agreement.

### **SECOND AFFIRMATIVE DEFENSE**

#### **(Comparative Fault/Negligence)**

Plaintiff's damages, if any, must be reduced in whole or in part because of the comparative fault, negligence and/or inequitable conduct of Plaintiff and/or other parties.

### **THIRD AFFIRMATIVE DEFENSE**

#### **(Contribution/Offset)**

To the extent Paradigm is deemed jointly and severally liable for any of Plaintiff's damages, those damages, if any, must be reduced in whole or offset by Plaintiff's own commensurate liability.

### **FOURTH AFFIRMATIVE DEFENSE**

#### **(Failure to Mitigate)**

Plaintiff is barred from any recovery because of his failure to mitigate or eliminate his damages, if any, and any recovery by Plaintiff should be reduced or denied accordingly.

### **FIFTH AFFIRMATIVE DEFENSE**

#### **(Unclean Hands)**

Plaintiff's claim is barred to the extent that Plaintiff is not entitled to any recovery, or any recovery must be reduced, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (*In pari delicto*)

Plaintiff's claim is barred to the extent that Plaintiff is not entitled to any recovery, or any recovery must be reduced, in whole or in part, by the doctrine of *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claim is barred, precluded and/or limited, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claim is time-barred, in whole or in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Repose)

Plaintiff's claim is time-barred, in whole or in part, by the applicable statute of repose.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Not a Security)

Plaintiff's claim is barred, in whole or in part, because LDO is not a security under the applicable securities laws.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Liability for Secondary-Market Transactions)

Plaintiff's claim is barred, in whole or in part, because even were the court to find that LDO is a security, Section 12(a)(1) of the Securities Act applies only to public offerings, not secondary-market transactions.

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Exemption from Registration)**

Plaintiff's claim is barred, in whole or in part, because even were the court to find that LDO is a security, LDO was exempt from the registration requirements of the Securities Act and/or the regulations promulgated thereunder.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

The alleged transactions at issue do not fall within the territorial scope of the U.S. securities laws under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Partner Liability)**

Plaintiff's claim is barred, in whole or in part, because alleged partners cannot be held liable under Section 12 of the Securities Act based on purported acts of a partnership.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff's claim is barred, in whole or in part, because Plaintiff lacks standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

Plaintiff's claim is barred because he failed to name one or more necessary parties in this litigation, as required by Federal Rule of Civil Procedure 19.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Contribution)**

Paradigm is entitled to recover contribution from others for any liability it incurs.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Ratification and/or Acquiescence)**

Plaintiff's claim is barred, in whole or in part, by the doctrine of ratification and/or acquiescence.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Damages Attributable to Paradigm)

Plaintiff is barred from any recovery from any recovery from Paradigm because Plaintiff has not sustained any damages as a result of any act or omission by Paradigm or purportedly chargeable to Paradigm.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No "But For" Causation)

Plaintiff's claim is barred, in whole or in part, because Plaintiff cannot show that Paradigm was the "but for" cause of Plaintiff's alleged damages.

### RESERVATIONS OF RIGHTS

Paradigm reserves the right to amend this Answer or to assert other defenses as this action proceeds. Based upon all the foregoing, as well as other grounds, Paradigm denies any wrongdoing, denies that it is liable to Plaintiff, and denies that Plaintiff is entitled to any relief.

### CONDITIONAL COUNTERCLAIMS

Defendant and Conditional Counterclaimant Paradigm, in support of its Conditional Counterclaims against Plaintiff and Counter-Defendant Andrew Samuels ("Plaintiff"), hereby alleges as follows:

1.    Plaintiff alleges that he purchased approximately 132 LDO tokens in April and May 2023. (AC ¶ 10.)

2.    Plaintiff alleges he sold those tokens in June 2023. (*Id.*)

3.    Plaintiff alleges that LDO is the governance token for the Lido DAO. (*Id.* ¶ 20.)

4.    Plaintiff alleges that "Lido DAO" is a general partnership. (*Id.* ¶ 5.) Plaintiff further alleges that "LDO tokens represent ownership of the Lido business and allow tokenholders to vote on governance proposals." (*Id.* ¶ 33.) Plaintiff has stated that Lido DAO's "general partners are jointly and severally liable for partnership debts." (Pl. Resp. to Defs. Mot. to Dismiss (ECF 64), at 5.)

5.    As alleged above in this Answer, Paradigm denies Plaintiff's allegations regarding the "Lido DAO" and denies that "Lido DAO" is a California general partnership. Nevertheless, if it is judicially determined that the "Lido DAO" is a general partnership and that the holders of LDO tokens are

the partners of such partnership, then Plaintiff, as an alleged LDO token holder himself, would also be a partner in that alleged partnership.

6. Paradigm therefore asserts the following Conditional Counterclaims in the event it is judicially determined that the "Lido DAO" is a general partnership and that the holders of LDO tokens are the partners in such a partnership.

## Jurisdiction

7. Pursuant to Local Civil Rule 3-5(a), the basis for federal jurisdiction is 28 U.S.C. § 1367(a). The Conditional Counterclaims are related to claims in Plaintiff's Amended Complaint such that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Plaintiff because he has sued Paradigm in this Court and consented to its jurisdiction. The Court has personal jurisdiction over Plaintiff for the additional reason that, upon information and belief, he is domiciled in California. (AC ¶ 10).

## First Conditional Counterclaim for Contribution and/or Indemnification

9. Paradigm realleges and incorporates by reference all prior paragraphs as if fully restated herein.

10. A party that is jointly and severally liable for an obligation and which satisfies more than its proper share of that obligation is entitled to contribution or indemnification from all of the other parties with whom it is jointly and severally liable.

11. Here, Plaintiff alleges that the general partners in the so-called "Lido DAO" partnership are jointly and severally liable for any damages arising out of the Lido DAO's purported offer and sale of unregistered securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933. (AC ¶ 5; *id.* at Prayer for Relief; *see also* Pl. Resp. to Defs. Mot. to Dismiss (ECF 64), at 5.)

12. As explained above, under Plaintiff's theory, Plaintiff is also a general partner in the "Lido DAO partnership" because Plaintiff held LDO tokens.

13. Accordingly, if Plaintiff prevails on his theory that each LDO token holder is a general partner in the "Lido DAO partnership" and thus jointly and severally liable for any damages arising from such "partnership's" offer and sale of unregistered securities, then Plaintiff would also be jointly and severally liable for any such damages.

14.     To be clear, Paradigm denies that there is a "Lido DAO partnership," that Paradigm is a partner in any such "partnership," and that partners can be liable (whether jointly and severally or otherwise) under Section 12 of the Securities Act of 1933 based on the acts of a partnership.

15.     However, in the event there is a judicial determination that (i) a "Lido DAO partnership" exists, (ii) Paradigm is a partner in that "partnership," and (iii) partners can be liable under Section 12 of the Securities Act of 1933 based on the acts of a partnership, then Paradigm is entitled to contribution and/or indemnification from Plaintiff for any obligation that Paradigm satisfies beyond its proper share.

## Second Conditional Counterclaim for Breach of Fiduciary Duty

16.     Paradigm realleges and incorporates by reference all prior paragraphs as if fully restated herein.

17.     Under both California Corporations Code § 16404 and California common law, a partner owes a duty of loyalty and a duty of care to the partnership and its partners.

18.     Pursuant to those duties, a partner must refrain from acting adversely to the partnership or its partners.

19.     Here, Plaintiff alleges that the holders of LDO tokens are general partners in the so-called "Lido DAO" partnership. Thus, under Plaintiff's theory, Plaintiff is a general partner in the "Lido DAO partnership" because he allegedly held LDO tokens. As a result, accepting Plaintiff's theory, Plaintiff owed fiduciary duties to the other partners of the "Lido DAO partnership."

20.     To be clear, Paradigm denies that there is a "Lido DAO partnership," and denies that Paradigm is a partner in any such "partnership."

21.     However, in the event there is a judicial determination that (i) a "Lido DAO partnership" exists, and (ii) the holders of LDO tokens are the general partners of that partnership, then Plaintiff owed and/or continue to owe fiduciary duties to Paradigm and the other "partners."

22.     Further, in the event there is a judicial determination that (i) a "Lido DAO partnership" exists, and (ii) the holders of LDO tokens are the general partners of that partnership, then Plaintiff has breached his duties of loyalty and care for the reasons alleged herein, including, but not limited to, by permitting his purported partners and his purported partnership to sell or offer for sale allegedly unregistered securities, despite believing and without disclosing or otherwise informing the purported

"Lido DAO partnership" or the general partners that such sales or offers for sale violate the federal securities laws.

23.     As a consequence of Plaintiff's breaches, Paradigm has been damaged in an amount to be determined at trial.

### Third Conditional Counterclaim for Reimbursement

24.     Paradigm realleges and incorporates by reference all prior paragraphs as if fully restated herein.

25.     Under both California Corporations Code § 16401 and California common law, a partnership is obligated to reimburse a partner for payments made and to indemnify a partner for liabilities incurred by the partner.

26.     Here, Plaintiff alleges that the holders of LDO tokens are general partners in the so-called "Lido DAO" partnership. Thus, under Plaintiff's theory, Plaintiff is a general partner in the "Lido DAO partnership" because he allegedly held LDO tokens. As a result, accepting Plaintiff's theory, Plaintiff is obligated to reimburse other partners for payments made and to indemnify other partners for liabilities incurred by the partner.

27.     To be clear, Paradigm denies that there is a "Lido DAO partnership," that Paradigm is a partner in any such "partnership," and that partners can be liable (whether jointly and severally or otherwise) under Section 12 of the Securities Act of 1933 based on the acts of a partnership.

28.     However, in the event there is a judicial determination that (i) a "Lido DAO partnership" exists, (ii) the holders of LDO tokens are the general partners of that partnership; and (iii) Paradigm and other "partners" are found to be liable under Section 12 of the Securities Act, then Plaintiff is obligated to indemnify and reimburse Paradigm for any obligation that Paradigm satisfies beyond its proper share.

### PRAYER FOR RELIEF

Paradigm, without admitting any of the allegations in the Amended Complaint and if, and only if, it is judicially determined that a "Lido DAO partnership" exists in which holders of LDO tokens are among the general partners of such a partnership, then Paradigm respectfully requests that the Court enter judgment on its behalf against Plaintiff as follows:

1.     Awarding Paradigm damages in an amount to be determined at trial;

1    2.     Awarding Paradigm its attorneys' fees, costs, and expenses;

2    3.     Awarding Paradigm prejudgment and post-judgment interest; and

3    4.     Granting such other and further relief as the Court deems just and proper.

5    DATED: December 18, 2024

6                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

7                                    By:    _____/s/ Alexander C. Drylewski_____

8                                                    ALEXANDER C. DRYLEWSKI
                                                     *Attorney for Defendant*
9                                                    *Paradigm Operations LP*