| | |
|---|---|
| Jason Harrow | James Crooks |
| (Cal. Bar No. 308560) | (*pro hac vice*) |
| GERSTEIN HARROW LLP | Michael Lieberman |
| 3243B S. La Cienega Blvd. | (*pro hac vice*) |
| Los Angeles, CA 90016 | FAIRMARK PARTNERS, LLP |
| jason@gerstein-harrow.com | 1001 G Street NW, Suite 400E |
| (323) 744-5293 | Washington, DC 20001 |
| | jamie@fairmarklaw.com |
| | michael@fairmarklaw.com |
| | (619) 507-4182 |

Charles Gerstein
(*pro hac vice*)
Emily Gerrick
(*pro hac vice forthcoming*)
GERSTEIN HARROW LLP
1001 G Street NW, Suite 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIDO DAO, a general partnership; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC,<br><br>Defendants. | Case No. 3:23-cv-06492<br><br>**PLAINTIFF'S OPPOSITION TO PARTNER DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**Date: January 23, 2025<br>Time: 10:00 AM<br>Courtroom 4<br>Before the Hon. Vince Chhabria** |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT.................................................................................................................................. 3

I.    The Court Should Not Certify The Partner Defendants' "Solicitation Question".............. 3

    A.    There Is No Substantial Ground for Difference of Opinion ................................... 3

    B.    The "Solicitation Question" Is Not a "Controlling Question of Law" ................... 5

    C.    Interlocutory Review of the "Solicitation Question" Will Not Materially Advance the Ultimate Termination of this Litigation ............................................................. 6

II.    The Court Should Not Certify The Partner Defendants' "Public Offering Question" ....... 7

    A.    There Is No Substantial Ground for Difference of Opinion ................................... 7

    B.    The "Public Offering Question" Is Not a "Controlling Question of Law" ............. 8

    C.    Interlocutory Review of the "Public Offering Question" Will Not Materially Advance the Ultimate Termination of this Litigation ......................... 10

CONCLUSION............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*A.B ex rel. Turner v. Google LLC*,
  2024 WL 4933345 (N.D. Cal. Dec. 2, 2024) .................................................................... 5

*ASARCO, LLC v. Union Pac. RR. Co.*,
  765 F.3d 999 (9th Cir. 2014) ........................................................................................ 10

*Belin v. Starz Entm't, LLC*,
  2024 WL 5185313 (C.D. Cal. Oct. 25, 2024) ............................................................. 6, 9

*Bennett v. Simplexgrinnell LP*,
  2014 WL 4244045 (N.D. Cal. Aug. 25, 2014) ............................................................... 7

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ................................................................................. 1, 2, 3

*Cyr v. Reliance Standard Life Ins. Co.*,
  2024 WL 3055486 (C.D. Cal. Jan. 9, 2024) ................................................................ 6, 9

*Fischer v. United States*,
  603 U.S. 480 (2024) ....................................................................................................... 8

*Gibson v. Vanisi*,
  2005 WL 165382 (D. Utah Jan. 25, 2005) .................................................................... 7

*Gustafson v. Alloyd Co., Inc.*,
  513 U.S. 561 (1995) ....................................................................................................... 7

*Heaton v. Soc. Fin., Inc.*,
  2016 WL 23243 (N.D. Cal. Jan. 20, 2016) .................................................................... 3

*Holland v. GEXA Corp.*,
  161 F. App'x 364 (5th Cir. 2005) .................................................................................. 7

*Hollifield v. Resolute Cap. Partners Ltd.*,
  2023 WL 4291524 (C.D. Cal. May 12, 2023) .............................................................. 4

*Houghton v. Leshner*,
  2023 WL 6826814 (N.D. Cal. Sept. 20, 2023) .............................................................. 5

*Hovila v. Tween Brands, Inc.*,
  2010 WL 11684275 (W.D. Wash. June 11, 2010) ........................................................ 3

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ............................................................................ 1, 2, 5, 6

*In re Daou Systems, Inc.*,
  411 F.3d 1006 (9th Cir. 2005) ....................................................................................... 3

*J.B. v. G6 Hosp., LLC*,
  2021 WL 6621068 (N.D. Cal. Dec. 16, 2021) ............................................................... 9

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ....................................................................................... 2

*Kainos Labs, Inc. v. Beacon Diagnostics, Inc.*,
    1998 WL 2016634 (N.D. Cal. Sept. 14, 1998) ................................................................ 7

*Kerrigan v. Visalus, Inc.*,
    2016 WL 892804 (E.D. Mich. Mar. 9, 2016) .................................................................. 4

*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001) ........................................................................................... 7

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
    2017 WL 1246933 (N.D. Cal. Apr. 5, 2012) ................................................................ 10

*Mendez v. R+L Carriers, Inc.*,
    2013 WL 1004293 (N.D. Cal. Mar. 13, 2013) ................................................................ 6

*Pino v. Cardone Capital LLC*,
    55 F. 4th 1253 (9th Cir. 2022) ................................................................................ 1, 3, 4

*Pino v. Cardone Capital*,
    2021 WL 3502493 (C.D. Cal. Apr. 27, 2021) ................................................................ 4

*Rensel v. Centra Tech, Inc.*,
    2019 WL 2085839 (S.D. Fla. May 13, 2019) ................................................................. 4

*S.E.C. v. Phan*,
    500 F.3d 895 (9th Cir. 2007) ...................................................................................... 1, 7

*SEC v. Platforms Wireless Int'l Corp.*,
    617 F.3d 1072 (9th Cir. 2010) ........................................................................................ 9

*Stiner v. Brookdale Senior Living, Inc.*,
    383 F. Supp. 3d 949 (N.D. Cal. 2019) ............................................................................ 3

*Swint v. Chambers County Comm'n*,
    514 U.S. 35 (1995) .......................................................................................................... 1

*United States Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) .......................................................................................... 2

*Valdovinos v. McGrath*,
    2007 WL 2023505 (N.D. Cal. July 12, 2007) ............................................................ 6, 10

*Wang v. Zymergen Inc.*,
    2024 WL 5116962 (N.D. Cal. Dec. 16, 2024) .............................................................. 6, 7

**Statutes**

28 U.S.C. § 1291 ...................................................................................................................... 2

28 U.S.C. § 1292(b) ........................................................................................................ 1, 2, 3

**PRELIMINARY STATEMENT**

Partner Defendants do not come close to establishing that the denial of their motions to dismiss presents "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Instead of satisfying the requirements of Section 1292(b), they manufacture two issues for appeal about which reasonable judges would not disagree, that would not be cleanly presented to the Ninth Circuit, and that would serve only to delay this litigation. In the end, all they have to show is their "strong disagreement with the Court's ruling." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). But that is not nearly enough to meet their burden under Section 1292(b), and this Court should exercise its "first line discretion" to avoid a piecemeal appeal. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).

To start, Partner Defendants have not met their burden to show "substantial ground for difference of opinion" on either question. 28 U.S.C. § 1292(b). Their first question is whether a plaintiff can state a Section 12(a)(1) claim without pleading that he "saw, heard, or was aware of, the alleged solicitation." Mot. at 1. But as this Court recognized in its opinion, that question is already answered by Ninth Circuit precedent that a Plaintiff need not plead reliance or a targeted communication to state a Section 12 claim. *Pino v. Cardone Capital LLC*, 55 F. 4th 1253, 1260 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 75 (2023). Partner Defendants' other question is whether a plaintiff can state a Section 12(a)(1) claim without pleading that he purchased the security "in a public offering." Mot. at 1. But as this Court and Justice Thomas have explained, reading the statute that way makes the affirmative defense in Section 4 superfluous. Op. at 25. What's more, the Ninth Circuit has held that Section 5 reaches "*any* securities sale for which 'a registration statement is [not] in effect,'" not just those involving a public offering. *S.E.C. v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007). As a ground for disagreeing with that authority and the plain meaning of the statute, Partner Defendants merely point to a few decades-old cases making clear mistakes of law.

Even if Partner Defendants' solicitation and public-offering questions were close calls, neither "involves a controlling question of law" because both are founded on incorrect premises

1

**PLAINTIFF'S OPPOSITION TO PARTNER DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

and are not cleanly presented for an interlocutory appeal. 28 U.S.C. § 1292(b). The solicitation question is not clearly raised here because Plaintiff *did* allege that he saw Lido DAO's solicitations, so the claim would proceed regardless of how any appeal turns out. Likewise, even if Partner Defendants were right about Section 12(a)(1)'s pleading requirements, Plaintiff alleged that he purchased LDO on Gemini, where tokens are offered to the public, and Defendants have never explained why that would not be a public offering. So while Defendants' version of the facts may make their questions look like purely legal ones, those aren't the facts alleged in the Complaint.

Finally, certifying either question for interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To the contrary, immediate review would only impede this litigation, as the parties could make substantial progress toward class certification and summary judgment in the years it typically takes to litigate an appeal in the Ninth Circuit. And even if Partner Defendants prevailed on appeal, which is unlikely, the case would be left where it is now—headed into discovery.

## **LEGAL STANDARD**

The final judgment rule generally mandates that "parties may appeal only from orders which 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" *Couch*, 611 F.3d at 632 (alterations omitted); *see* 28 U.S.C. § 1291. Interlocutory appeals under Section 1292(b) are reserved for "rare circumstances," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and should be allowed "sparingly and only in exceptional cases." *Cement Antitrust*, 673 F.2d at 1025. The purpose of 1292(b) is "*not* [] merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (emphasis added).

District courts have discretion to certify a non-final decision for interlocutory review under Section 1292(b) only if (1) "the order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal "bears the burden" of establishing that all of Section 1292(b)'s requirements are satisfied, *Couch*, 611 F.3d at 633, and because Section 1292(b) is "a departure

from the final judgment rule," its provisions "must be construed narrowly." *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019) (citation omitted).

A district court's decision to certify an order for interlocutory appeal is entirely discretionary; accordingly, "[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Heaton v. Soc. Fin., Inc.*, 2016 WL 232433, at *2 (N.D. Cal. Jan. 20, 2016).

## ARGUMENT

### I. The Court Should Not Certify The Partner Defendants' "Solicitation Question."

#### A. There Is No Substantial Ground for Difference of Opinion.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. A substantial ground for difference of opinion exists where "the circuits are in dispute on the question *and the court of appeals of the circuit has not spoken on the point*" or if "novel and difficult *questions of first impression* are presented." *Id.* (emphases added). Even for questions of first impression, "[i]t is the duty of the district judge faced with a motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Hovila v. Tween Brands, Inc.*, 2010 WL 11684275, at *1 (W.D. Wash. June 11, 2010). A party's "strong disagreement with the Court's ruling is not sufficient." *Couch*, 611 F.3d at 633.

Partner Defendants cannot satisfy this standard because the Ninth Circuit has already "spoken on the point." As this Court correctly recognized, Ninth Circuit law establishes that a plaintiff need not allege that he relied on a defendant's mass solicitation to state a claim under Section 12(a)(1). *See* Order at 20-21 (citing *Pino v. Cardone Cap.*, 55 F. 4th 1253, 1260 (9th Cir. 2022); *In re Daou Systems, Inc.*, 411 F.3d 1006, 1029 (9th Cir. 2005) (discussing reliance in the Section 12(a)(2) context)). And as this Court explained, there is no evident reason why, in the wake of those precedents, the statute would require a plaintiff to be aware of a mass solicitation but not to rely on it. Indeed, as Partner Defendants acknowledge, this Court stated that if Partner Defendants want to press their position further, they must do so before "the en banc [Ninth Circuit]

or the Supreme Court," Mot. at 3 (quoting Dkt. 78, June 27, 2024 Hr'g Tr. 44:14-22). Partner Defendants do not cite a single case certifying for interlocutory appeal a question that is already dictated by circuit precedent.

Partner Defendants also fail to identify any other "circuits … in dispute" with that rule of law. In fact, Partner Defendants do not identify any other court of appeals that has addressed this question, much less disagreed with *Pino*. Instead, the Partner Defendants point to district court cases that pre-date *Pino* or are directly at odds with it. As this Court already noted, the one in-circuit case cited by Partner Defendants, *Hollifield v. Resolute Cap. Partners Ltd.*, 2023 WL 4291524, (C.D. Cal. May 12, 2023), is simply inconsistent with *Pino*, which is not even discussed in the relevant portion of the opinion. Order at 21 n.6. Partner Defendants provide no authority for the proposition that one district court's unwitting failure to follow binding authority creates the kind of "difference of opinion" necessary for interlocutory appeal. That the *Hollifield* plaintiffs likely have grounds for appeal does not mean that Defendants here do.

The Partner Defendants also rely on two out-of-circuit district court cases, both of which were decided before *Pino* and are inconsistent with its holdings. *See* Mot. at 8 (citing *Rensel v. Centra Tech, Inc.,* 2019 WL 2085839 (S.D. Fla. May 13, 2019), and *Kerrigan v. Visalus, Inc.*, 2016 WL 892804 (E.D. Mich. Mar. 9, 2016)). Partner Defendants do not cite any instance in which a district court has certified an interlocutory appeal where the supposed "difference of opinion" is established by district court cases from other circuits that would be abrogated in this Circuit.

Unable to identify any court disagreeing with *Pino*, Partner Defendants pivot to arguing that *Pino* "did not address the Solicitation Question." *See* Mot. at 10. That is incorrect. The *Pino* court expressly held that "Pino need not have alleged that he specifically relied on any of the alleged misstatements identified in the FAC." 55 F. 4th at 1260. It needed to and did reach the reliance issue because the district court had dismissed the complaint on the ground that "Plaintiff does not allege that … [he] relied on such a solicitation when investing." *Pino v. Cardone Capital*, 2021 WL 3502493, at *17 (C.D. Cal. Apr. 27, 2021). As this Court correctly recognized, "if solicitation can be achieved through mass communications, and individual plaintiffs do not need to have relied on or had their purchases caused by these communications, it is unclear why a

plaintiff would need to have seen them." Order at 21. Partner Defendants have no response to the Court's analysis on this point, and they do not offer any reason why Congress would differentiate between a plaintiff who did not see a solicitation and a plaintiff who saw but ignored a solicitation. Both were harmed when they lost money in an unregistered securities transaction and both were targeted by the defendant's solicitations. The happenstance of whether they actually saw the solicitation changes neither the extent of their harm nor the defendant's culpability.[1]

Finally, Defendants insist that an interlocutory appeal is warranted because the "Solicitation Question is sure to arise in future cases." Mot. at 9. That argument fails. If the Solicitation Question arises again in this Circuit, it will be controlled by *Pino*. And even assuming it is likely to arise in other circuits, "possible future disagreements among courts deriving from as-of-yet-uncommenced litigation are too speculative to create the substantial ground for difference of opinion required for interlocutory review." *A.B ex rel. Turner v. Google LLC*, 2024 WL 4933345, at *5 (N.D. Cal. Dec. 2, 2024).

**B.      The "Solicitation Question" Is Not a "Controlling Question of Law."**

An interlocutory appeal involves a "controlling question of law" when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Cement Antitrust*, 673 F.3d at 1026. Partner Defendants seek permission to appeal "[w]hether a defendant can be liable to a plaintiff as a 'statutory seller' … for soliciting the plaintiff's purchase of an alleged security *where the plaintiff does not plead that he ever saw, heard, or was aware of, the alleged solicitation*." Mot. at 1 (emphasis added).

The Partners Defendants question is predicated on a flawed premise. The Court did not hold that Plaintiff never saw, heard, or was unaware of the alleged solicitation. Quite the contrary. The Court explained, quoting *Houghton*, that "courts in this district have held that a plaintiff has adequately pled solicitation where they have stated that the defendant has been 'comprehensive[ly]

---

[1] Defendants suggest in a footnote that a plaintiff might lack Article III standing if he does not plead that he saw the defendant's solicitation. Mot. at 10 n.3. But as Judge Orrick explained in response to an analogous argument, "a sufficient casual connection for Article III purposes" is clear in light of "these defendants' creation, design, and control of marketing" of the LDO token. *Houghton v. Leshner*, 2023 WL 6826814, at *4 n.5 (N.D. Cal. Sept. 20, 2023).

involve[d] with the design, operation and monetization of a cryptocurrency enterprise.'" Order at 19. The Court further explained at page 20 that "Samuels has likewise pled solicitation because he has alleged that Lido DAO was comprehensively involved in the creation and issuance of LDO and in efforts to get people to purchase it." Plaintiff specifically alleges that these efforts included getting LDO listed for trading on the crypto exchange Gemini, where he purchased his tokens. AC ¶¶ 10, 60. Defendants do not contest these allegations, nor could they on interlocutory appeal under Section 1292(b). *See, e.g.*, *Belin v. Starz Entm't, LLC*, 2024 WL 5185313, at *4 (C.D. Cal. Oct. 25, 2024) ("[T]he question must be a pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts. . . . A pure question of law is one that the Court of Appeals can 'decide quickly and cleanly without having to study the record.'"); *Cyr v. Reliance Standard Life Ins. Co.*, 2024 WL 3055486, at *2 (C.D. Cal. Jan. 9, 2024) ("Reviewing this issue would essentially require a reassessment of the factual allegations, which is not appropriate for certification" (alterations omitted)).

### C. Interlocutory Review of the "Solicitation Question" Will Not Materially Advance the Ultimate Termination of this Litigation.

Interlocutory review "materially advances" the litigation if it "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *Cement Antitrust*, 673 F.3d at 1027. That means an immediate appeal "would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Wang v. Zymergen Inc.*, 2024 WL 5116962, at *4 (N.D. Cal. Dec. 16, 2024). This element "is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal on the management of the case." *Mendez v. R+L Carriers, Inc.*, 2013 WL 1004293, at *1 (N.D. Cal. Mar. 13, 2013). In short, "[i]f an interlocutory appeal would delay resolution of the litigation, an appeal should not be certified." *Valdovinos v. McGrath*, 2007 WL 2023505, at *2 (N.D. Cal. July 12, 2007).

Here, interlocutory review would serve only to delay the case. If the Ninth Circuit were to hold that a plaintiff must "plead that he … saw, heard, or was aware of, the alleged solicitation," Mot. at 1, that would not simplify the case in the slightest given the allegations in the complaint. *See supra* Section I.B. Discovery would continue, and the issue would eventually be ripe for

adjudication at summary judgment. And of course if the Ninth Circuit held that such allegations are not required, that would not change things, either. Where, as here, "litigation will be conducted in substantially the same manner regardless of [the court of appeals'] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Zymergen*, 2024 WL 5116962, at *6. Rather, an appeal would at best be a costly and inefficient distraction from the district court proceedings and would at worst "interfere with existing case deadlines." *Bennett v. Simplexgrinnell LP*, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014).

## II.     The Court Should Not Certify The Partner Defendants' "Public Offering Question"

### A.     There Is No Substantial Ground for Difference of Opinion.

The Securities Act's answer to the "Public Offering Question" is straightforward and clear: Section 5 covers *all* sales. Op. at 26. Partner Defendants point to two cases supposedly disagreeing with that analysis: *Kainos Labs, Inc. v. Beacon Diagnostics, Inc.*, 1998 WL 2016634 (N.D. Cal. Sept. 14, 1998), and *Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001). But both make the mistake this Court identified in its opinion—they incorrectly view *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561 (1995), as applying to all of Section 12 when in fact the case addressed only Section 12(a)(2). Unlike Section 12(a)(1), Section 12(a)(2) is not subject to the exemptions in Section 4. Op. at 25. And as this Court also noted, these cases are also undercut by the Ninth Circuit's holding that in the context of an SEC enforcement action, Section 5 applies to "*any* securities sale for which 'a registration statement is [not] in effect,'" not just those involving a public offering. *Phan*, 500 F.3d at 902. The two other twenty-year-old cases that Partner Defendants cite are similarly inapposite. The first involved a Section 12(a)(2) claim, see *Holland v. GEXA Corp.*, 161 F. App'x 364, 366 (5th Cir. 2005), and the other made the same *Gustafson* error as *Lewis* and *Kainos*, see *Gibson v. Vanisi*, 2005 WL 165382, at *5 (D. Utah Jan. 25, 2005). These decisions do not give rise to substantial grounds for a difference of opinion sufficient to meet the extremely high standard for interlocutory appeal.

Next, Partner Defendants argue that there is a substantial ground for difference of opinion because, in their view, this Court's reading of the statute creates some superfluity. Mot. at 14. That contention is contrary to basic principles of statutory interpretation. Because surplusage is

"disfavored," a "construction that creates substantially less of it is better than a construction that creates substantially more," as Defendants' does. *Fischer v. United States*, 603 U.S. 480, 496 (2024). Regardless, this Court already explained the unique purpose of the term "prospectus or otherwise"—to make clear that Section 12(a)(1) reaches both "prospectus-like" documents *and* everything else. Op. at 26. And if Congress had omitted that phrase, the statutory scheme would have been substantially less clear. In comparison with the expansive scope of "prospectus *or otherwise*" in Section 12(a)(1), 12(a)(2) covers only certain misrepresentations made by a "prospectus or oral communication," which the Court in *Gustafson* interpreted as limited to statements made in public offerings. So the contrast between "prospectus or otherwise" and "prospectus or oral communication" serves the purpose of distinguishing the sweep of their respective provisions.

Finally, Partner Defendants' attempt to salvage their "belt and suspenders" reading of Sections 4 and 5 fails. They contend that it is common in many statutory schemes to require that an element be pleaded only to provide that an affirmative defense can defeat that element. But their only example comes from the whistleblower retaliation context where plaintiffs are often required to plead that a forbidden motive was a substantial factor in an adverse employment action, and where the burden then shifts to defendants to prove something *different*—that they would have taken the adverse action anyway. Mot. at 14–15. Those two things can both be true: a factor can motivate a decision even if the decision would have happened anyway. But in the Section 12(a)(1) context, someone who purchases an unregistered security in a public offering cannot then lose against an affirmative defense that they did not purchase an unregistered security in a public offering. Making the exact same thing an element and an affirmative defense would be "irrational," Op. at 26, and "ascrib[ing] such irrationality to the Securities Act," *id.*, does not create a substantial ground for difference of opinion.

### B. The "Public Offering Question" Is Not a "Controlling Question of Law."

Partner Defendants contend that the Public Offering Question is controlling because "Plaintiff does not allege that he purchased LDO tokens in a public offering from any Defendant

or control person; instead, Plaintiff alleges that he purchased on the secondary market using the cryptocurrency exchange Gemini." Mot. at 11–12.

But this question again rests on a flawed premise arising from Partner Defendants' mischaracterization of the Amended Complaint, which actually includes detailed factual allegations about how "Defendants Sell LDO to the Public." *See* AC ¶¶ 48–70. Thus, even if the Partner Defendants were correct that Section 12(a)(1) were limited to public offerings—and they are not—Plaintiff *has* alleged that he purchased LDO from Defendants in a public offering. The Partner Defendants completely ignore this. Other than a cryptic reference in their motion to a "higher pleading and proof burden [that] could materially affect the viability of Plaintiff's claim," Mot. 13 (quoting *J.B. v. G6 Hosp., LLC*, 2021 WL 6621068, at *3 (N.D. Cal. Dec. 16, 2021)), the Partner Defendants do not engage at all with the allegations in the Amended Complaint or explain what additional facts Plaintiff needs to allege. Instead, the Partner Defendants misread a statement in the Court's order—that "Samuels appears prepared to argue, in response to the assertion of any Section 4 defense, that his purchase of the tokens was in a public offering," Mot. 12 (quoting Order at 24 n.7)—to imply that the Court held that Plaintiff's public offering allegations to date were insufficient. That's wrong. The Court had no reason to address the sufficiency of Plaintiff's public offering allegations once it held that Plaintiff had no affirmative obligation to make them.

As with the "Solicitation Question," the Partner Defendants misdescribe the actual premise of their question. The real premise of the "Public Offering Question" is the Partner Defendants' view that a purchase of a digital asset on a centralized exchange like Gemini can never be a public offering. That premise is fatally flawed, see, *e.g.*, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1090-91 (9th Cir. 2010) (holding that the private offering exemption applies only to "a limited distribution to highly sophisticated investors"), and it makes the question inappropriate for interlocutory review, see, *e.g.*, *Belin*, 2024 WL 5185313, at *4; *Cyr*, 2024 WL 3055486, at *2. But an even bigger issue for certifying this question is that the Partner Defendants' motion is also premature. The Partner Defendants have not moved in any fashion on the question of whether Plaintiff's purchases on Gemini were a public offering. The Court should not allow the Partner

Defendants to jump the line by approving the interlocutory appeal of an issue that neither the parties nor the Court have meaningfully addressed.

### C. Interlocutory Review of the "Public Offering Question" Will Not Materially Advance the Ultimate Termination of this Litigation.

The Partners Defendants fail to establish that an interlocutory appeal of the "Public Offering" question will materially advance the litigation for the same reason they fail to allege that it is. controlling question of law. An appeal on the public offering issue would only serve the purpose of delay, which Partner Defendants themselves could have avoided. *See Valdovinos*, 2007 WL 2023505, at *2. The Partner Defendants could have already raised whether the Complaint alleges a transaction involving a public offering through a Section 4 argument in a motion for judgment on the pleadings *or their original motions to dismiss*, if their position truly is that the absence of a public offering is an "obvious bar to securing relief on the face of the complaint." *McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 1246933, at *2 (N.D. Cal. Apr. 5, 2012) (quoting *ASARCO, LLC v. Union Pac. RR. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)); *see* Dkt. 108, Sept. 5, 2024 Hr'g Tr. 53:18–19 (arguing that Plaintiffs "pled themselves into an exemption"). And their only explanation for failing to obtain a ruling on the issue so far is that they "only had so many pages for the public offering argument." Sept. 5, 2025 Hr'g Tr. 66:21.

### CONCLUSION

For the foregoing reasons, Partner Defendants' motion should be denied.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Charles Gerstein*
Charles Gerstein
(*pro hac vice*)
Emily Gerrick
(*pro hac vice*)
GERSTEIN HARROW LLP
1001 G Street NW, Suite 400 E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Michael Lieberman*
James Crooks
(*pro hac vice*)
Michael Lieberman
(*pro hac vice*)
FAIRMARK PARTNERS, LLP
1001 G Street NW, Suite 400 E
Washington, DC 20001
jamie@fairmarklaw.com
michael@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiff*

**PLAINTIFF'S OPPOSITION TO PARTNER DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**