STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

JASON BELL (*pro hac vice*)
jbell@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, NY, 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

JAMES CROOKS (*pro hac vice*)
jamie@fairmarklaw.com
MICHAEL LIEBERMAN (*pro hac vice*)
michael@fairmarklaw.com
**FAIRMARK PARTNERS, LLP**
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (619) 507-4182

CHARLES GERSTEIN (*pro hac vice*)
charlie@gerstein-harrow.com
**GERSTEIN HARROW LLP**
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (202) 670-4809

JASON HARROW (308560)
jason@gerstein-harrow.com
**GERSTEIN HARROW LLP**
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: (323) 744-5293

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ANDREW SAMUELS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LIDO DAO, a general partnership; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC; ROBOT VENTURES LP,

Defendants.

Case No. 3:23-cv-6492-VC

**NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

DATE: February 27, 2025
TIME: 10:00 AM
PLACE: Courtroom 4 – 17th Floor
BEFORE: Hon. Vince Chhabria

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on February 27, 2025 at 10:00 AM, or at some other time as the Court directs, Lead Plaintiff Andrew Samuels will move this Court to dismiss Defendants' counterclaims.

Dated: January 15, 2025

SUSMAN GODFREY L.L.P.

By: */s/ Rohit D. Nath*
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Rohit D. Nath (316062)
rnath@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Jason Bell (*pro hac vice*)
jbell@susmangodfrey.com
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
One Manhattan West
New York, NY 10001-8602

FAIRMARK PARTNERS, LLP

By: */s/ James Crooks*
James Crooks (*pro hac vice*)
jamie@fairmarklaw.com
Michael Lieberman (*pro hac vice*)
michael@fairmarklaw.com
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (619) 507-4182

GERSTEIN HARROW LLP

By: */s/ Charles Gerstein*
Charles Gerstein (*pro hac vice*)
charlie@gerstein-harrow.com
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (202) 670-4809

Jason Harrow (308560)
jason@gerstein-harrow.com
12100 Wilshire Blvd., Suite 800

Los Angeles, CA 90025
Telephone: (323) 744-5293

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..... iv
STATEMENT OF ISSUES ..... 1
INTRODUCTION ..... 1
BACKGROUND ..... 2
ARGUMENT ..... 4
CONCLUSION ..... 6

# TABLE OF AUTHORITIES

## CASES

*AirWair Int'l Ltd. v. Schultz*
84 F. Supp. 3d 943 (N.D. Cal. 2015) .......... 4
*Alexander & Baldwin, Inc. v. C&H Sugar Co.*
No. 09-CV-1878, 2010 WL 11508374 (C.D. Cal. Apr. 21, 2010) .......... 5
*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 4, 5
*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 4, 6
*City of Saint Paul v. Evans*
344 F.3d 1029 (9th Cir. 2003) .......... 6
*CNG Fin. v. Brichler*
No. 21-CV-460, 2022 WL 683449 (S.D. Ohio Mar. 8, 2022) .......... 6
*Ensminger v. Credit Law Ctr., LLC*
No. 19-CV-2147, 2019 WL 6910283 (D. Kans. Dec. 19, 2019) .......... 6
*Musacchio v. United States*
577 U.S. 237 (2016) .......... 5
*Samuels v. Dao*
--- F. Supp. 3d ----, 2024 WL 4815022 (N.D. Cal. Nov. 18, 2024) .......... passim
*Sch. Dist. No. 1J v. ACandS, Inc.*
5 F.3d 1255 (9th Cir. 1993) .......... 6
*Whitaker v. Tesla Motors, Inc.*
985 F.3d 1173 (9th Cir. 2021) .......... 4
*Zeyen v. Bonneville Joint Dist., # 93*
114 F. 4th 1129 (9th Cir. 2024) .......... 5

## RULES

Federal Rule of Civil Procedure 12(b)(6) .......... 2

Federal Rule of Civil Procedure 54(b) .......... 5

N.D. Cal. Local Rule 7-9(a) .......... 5

N.D. Cal. Local Rule 7-9(b) .......... 6

## STATEMENT OF ISSUES

Whether the counterclaims filed by AH Capital Management, LLC, Paradigm Operations LP, and Dragonfly Digital Management LLC fail to state a claim upon which relief can be granted.

## INTRODUCTION

Defendant Lido DAO is a general partnership that turns a profit by managing billions of dollars of crypto assets on behalf of its customers. Amended Complaint ("AC") ¶¶ 1–2, 5, 31, 37. To launch its business, Lido created equity shares in the organization and sold those "LDO tokens" to venture capitalists. AC ¶¶ 2, 32, 38. Lido and its venture capital partners then decided to list LDO on crypto asset exchanges. AC ¶ 48. Federal law required Lido to register those tokens as securities, but it never did so. AC ¶ 2, 132–141. Plaintiff Andrew Samuels purchased 132 tokens and sold them at a loss. AC ¶ 10. Samuels then brought this class action on behalf of himself and similar investors alleging that Lido and four of its general partners illegally sold unregistered securities. Defendants have now brought "conditional counterclaims" alleging that Samuels and other class members are jointly and severally liable if Lido is deemed a general partnership.

The Court should dismiss the Partner Defendants' conditional counterclaims because the Partner Defendants have failed to allege that Samuels meaningfully participated in Lido DAO governance. This Court recently held that some but not all the venture capital firms named in the Amended Complaint ("AC") were plausibly alleged to be general partners in Lido. In denying three of those firms' motions to dismiss, this Court held that the AC contained sufficient allegations to infer that those three Partner Defendants "meaningfully participat[ed] in the DAO's governance" and were thus plausibly partners in Lido. 2024 WL 4815022, at *8 (N.D. Cal. Nov. 18, 2024); *see id*. at *8–*9. But the Court dismissed the fourth firm, Robot Ventures LP. Although Robot was alleged to have owned tokens, the Complaint did not include enough facts "to infer that Robot meaningfully participated in Lido DAO governance." *Id*. at *9.

The Partner Defendants' counterclaims do not allege anything about Samuels's participation in the Lido DAO's governance, let alone that Samuels "meaningfully participated" in it. The counterclaims allege that Samuels bought tokens and that Samuels would therefore be a

partner in Lido if the Court eventually decides that a partnership exists. But despite this Court's holding on what is required to allege membership in a partnership, the Partner Defendants never allege (nor could they) that Samuels "meaningfully participated in the DAO's governance." Instead, they try to resuscitate a partnership claim that this Court already rejected. Because these counterclaims have the same flaw that the Court held required the dismissal of Samuels's claims against Robot, the Court should dismiss them as well under Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

The Court held that Plaintiff adequately alleged that a16z, Paradigm, and Dragonfly—but not Robot—are general partners in the Lido DAO. The details of Lido's business are explained in the AC and this Court's ruling on the motions to dismiss, see AC ¶¶ 15-35; 2024 WL 4815022, at *2, but in short, Lido DAO pools users' money, pays third parties to "stake" that money in exchange for "rewards," and distributes the profits back to its users after taking a 5% cut for itself.

Lido calls itself a "decentralized autonomous organization," or DAO. The Lido DAO is supposedly "decentralized" and "autonomous" because holders of LDO tokens govern the organization by suggesting and voting on its actions. *See* AC ¶¶ 20, 29, 32–33. Many of those actions, such as changing Lido's goals and policies and making distributions of assets to token holders, would in ordinary businesses be handled by corporate officers, boards, or employees. AC ¶ 20.

To establish Lido, the founders created one billion tokens. Founders and initial investors received 64% of them, and the remaining 36% were put in Lido's "treasury," to be distributed as the holders of the other 64% saw fit. AC ¶ 32. Defendants AH Capital Management, LLC ("a16z"), Paradigm Operations LP, Dragonfly Digital Management LLC, and Robot invested millions of dollars in Lido, acquiring at least 100 million tokens and associated governance rights. *See* AC ¶¶ 38, 96. Samuels bought approximately 132 tokens on the Gemini crypto exchange. AC ¶ 10.

Less than two months ago, those allegations led this Court to deny all motions to dismiss the AC except Robot's. Relevant here, the Court held that Samuels adequately alleged that a16z, Paradigm, and Dragonfly are partners in Lido. 2024 WL 4815022, at *1, *8–*9. The Court relied

on allegations that Paradigm helped "influence[]" and "guide[]" Lido's development, and that Lido's website touted that Paradigm would "lend its expertise to . . . governance." *Id.* at *8 (quoting AC ¶¶ 40–41). The Court also concluded that it was sufficient that Dragonfly voted to sell itself more tokens following its initial $25 million purchase, and that Dragonfly stated then that it was "looking forward to being more active in governance" and was "uniquely positioned to lend its expertise to . . . governance." *Id.* at *9 (quoting AC ¶¶ 46, 78). And for its part, a16z announced that it would contribute as a "governance participant" and expressed views on governance. *Id.* at *8 (quoting AC ¶ 43).

On the other hand, the Court held that Samuels had not alleged that Robot was a partner. The AC asserted that Robot "participated in a sale in which it—along with other entities—purchased 30 million LDO," that "one of [its] partners praised Lido DAO," and that it was chosen to participate for its "'expertise in the successful development of distributed protocols.'" *Id.* at *9 (quoting AC ¶ 45). But because those allegations were insufficient "to infer that Robot meaningfully participated in Lido DAO governance," the Court dismissed the claims against it. *Id.*

On December 18—after the Court granted the motion to dismiss Robot—Paradigm, Dragonfly, and a16z answered the AC and brought conditional counterclaims against Samuels for contribution or indemnification, reimbursement, breach of fiduciary duty, and a declaratory judgment. *See* Dragonfly Counterclaims ("CCs"), Dkt. 125, at ¶¶ 1–36; Paradigm CCs, Dkt. 126, at ¶¶ 1–28; a16z CCs, Dkt. 128, ¶¶ 1-17. Those counterclaims rest on the premise that if the Court eventually concludes that a community of LDO token holders is a partnership, then Samuels would be a partner in it. *See* Dragonfly CCs ¶ 6; Paradigm CCs ¶ 5; a16z CCs ¶ 3. Paradigm's and Dragonfly's only purported ground for claiming that Samuels could be a partner is that Samuels once held 132 LDO tokens and that Samuels's supposed theory of liability is that all token holders are partners in Lido simply because they are token holders. *See* Dragonfly CCs ¶¶ 2, 4–5; Paradigm CCs ¶¶ 1, 12, 19, 26. a16z only alleges that Samuels held "at least some amount" of tokens. CCs ¶¶ 2, 6–7, 13–14. The conditional counterclaims do *not* (and cannot) allege that Samuels influenced or guided Lido's development, that Samuels lent his expertise to governance, that he was uniquely positioned to lend any expertise to governance, that he would contribute as a governance

participant, that he expressed views on governance, that he jointly carried on Lido's business, or any other allegations to plausibly allege that he meaningfully participated in Lido DAO governance.

**ARGUMENT**

The Partner Defendants' counterclaims fail because they do not plausibly allege that Samuels is a partner in Lido. Motions to dismiss counterclaims under Rule 12(b)(6) are decided under the same standard as a motion to dismiss a complaint. *See, e.g.*, *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). To survive, a counterclaim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts as true the facts alleged and draws all inferences in the counterclaimant's favor, it "need not accept as true legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009)).

The Partner Defendants' conditional counterclaims fail because they do not allege that Samuels has "meaningfully participated in Lido DAO governance." 2024 WL 4815022, at *9. All the Partner Defendants' counterclaims turn on similar allegations that Samuels owned tokens and would be a partner if the Court determines that a community of LDO token holders is a partnership. For example, Dragonfly asserts that Samuels owned tokens and argues that the AC alleges that "by 'purchas[ing] LDO,' a person 'thereby join[s] the Lido DAO.'" CCs ¶¶ 2, 5 (citation omitted); *see, e.g.*, *id*. ¶¶ 12, 20, 27, 33 ("Plaintiff's theory in [the AC] is that . . . a person joins the Lido DAO by purchasing Lido."). Paradigm similarly alleges that "under Plaintiff's theory, Plaintiff is also a general partner in the 'Lido DAO partnership' because Plaintiff held LDO tokens." CCs ¶ 12; *see* CCs ¶¶ 19, 26. And a16z's allegation is simply that Samuels "held at least some amount of LDO tokens," so if "it is judicially-determined that a community of LDO token holders or users of the [Lido] protocol is determined to be a legal partnership, then each [sic] Plaintiff is also a partner." CCs ¶¶ 2–3.

This Court recently held when dismissing Robot that the bare fact that someone held tokens is insufficient to plead partnership in Lido. The Court explained that "every LDO holder . . . hasn't

automatically joined the partnership because they don't all necessarily have the ability to meaningfully participate in DAO governance and thus haven't all necessarily begun to jointly carry on the DAO's business." 2024 WL 4815022, at *7. Applying that principle, the Court concluded that an allegation that Robot "participated in a sale in which it—along with other entities—purchased *30 million LDO*" was not enough to plead that Robot "meaningfully participated in Lido DAO governance" such that it was a partner. *Id*. at *9 (emphasis added). The same is true of the counterclaims against Samuels, which plead *only* that he held 132 tokens, *not* that he "meaningfully participated in Lido DAO governance" or had the ability to do so. Without alleging how Samuels could have "meaningfully participated" in governing Lido, the counterclaims, even viewed in the light most favorable to the Partner Defendants, do not plausibly allege that Samuels meaningfully participated in Lido governance. *Iqbal*, 556 U.S. at 678; *see, e.g.*, *Alexander & Baldwin, Inc. v. C&H Sugar Co.*, No. 09-CV-1878, 2010 WL 11508374, at *7 (C.D. Cal. Apr. 21, 2010) (concluding that counterclaim was not plausibly pled where the court had already rejected its premise).

Consistent with that holding, this Court already rejected these very counterclaims in a different form. In their motions to dismiss, some Defendants had argued that Samuels's claim was barred because he "became a Lido DAO partner by purchasing LDO." 2024 WL 4815022, at *7 n.4. This Court disagreed, explaining that the AC "includes no allegation that indicates that Samuels jointly carried on the Lido business, so . . . there's no reason he should be considered a partner at this point." *Id*. A different result is not warranted now on the Partner Defendants' naked assertion, essentially identical to the one in the AC, that Samuels owned LDO tokens.

There is no reason for the Court to depart from its motion to dismiss order. Once "a court decides upon a rule of law," that decision should generally "continue to govern the same issue in subsequent stages in the same case." *Zeyen v. Bonneville Joint Dist., # 93*, 114 F. 4th 1129, 1137 (9th Cir. 2024) (quoting *Musacchio v. United States*, 577 U.S. 237, 244–245 (2016)). While a court has discretion to revisit its own interlocutory orders on a party's motion, see Fed. R. Civ. P. 54(b), the Partner Defendants have not sought leave from the Court to file such a motion as they must under the Local Rules, see R. 7-9(a). Nor could they succeed in doing so. In this District, a motion

to reconsider an interlocutory order is required to identify "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order," "new material facts or a change of law," or a "manifest failure" by the Court to consider the parties' submissions. *See* L.R. 7-9(b); *cf. Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that reconsideration is appropriate where the court "is presented with newly discovered evidence," "committed clear error" or made a "manifestly unjust" decision, or is presented with "an intervening change in controlling law"). None of those circumstances is present here. This Court's order on the motions to dismiss thoroughly considered the parties' briefs and nothing new has emerged since. For the sake of efficiency and "consistency during the course of [this] single lawsuit," the Court should thus apply the same rule to the Partner Defendants' pleadings as it did to the AC's claims about Robot. *Zeyen*, 114 F. 4th at 1137 (citation omitted); *see, e.g.*, *CNG Fin. v. Brichler*, No. 21-CV-460, 2022 WL 683449, at *3 (S.D. Ohio Mar. 8, 2022) (holding that law of the case barred counterclaim that was based on previously rejected premise).

Finally, it makes no difference that these counterclaims are conditioned on the Court determining that Lido is a partnership. Although counterclaims can be brought on a conditional or contingent basis, see *City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 n.6 (9th Cir. 2003), they must still be plausibly pleaded under Rule 8. *See Twombly*, 550 U.S. at 570. And if it were enough to merely allege token ownership at this stage of the litigation, this Court would not have dismissed Robot from the case.*

**CONCLUSION**

Defendants' counterclaims rely on allegations that this Court has held are insufficient as a matter of law to plead that a party is a partner in Lido. So just as this Court dismissed the claims against Robot, these counterclaims should be dismissed as well.

---

* Paradigm's and Dragonfly's counterclaims also depend on a condition that is contrary to the facts. *See Ensminger v. Credit Law Ctr., LLC*, No. 19-CV-2147, 2019 WL 6910283, at *2 (D. Kans. Dec. 19, 2019) (dismissing conditional counterclaims where the relevant condition would "not occur in this case"). Their theory is that if the Court concluded that Lido is a partnership, Samuels's ownership of tokens would make him a partner *because Samuels claims that token holders are necessarily partners*. *See* Dragonfly CCs ¶¶ 2, 5; Paradigm CCs ¶¶ 12, 19, 26. But Samuels's position is *not* that anyone who purchases LDO tokens is a partner in Lido. As this Court already explained, "Samuels does not contend that the partnership comprises every single person who holds even a single LDO token" or "every single person who has the capacity to use their LDO to vote or who has actually voted." 2024 WL 4815022, at *6 n.2.

Dated: January 15, 2025

SUSMAN GODFREY L.L.P.

By: */s/ Rohit D. Nath*

Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Rohit D. Nath (316062)
rnath@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Jason Bell (*pro hac vice*)
jbell@susmangodfrey.com
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

FAIRMARK PARTNERS, LLP

By: */s/ James Crooks*

James Crooks (*pro hac vice*)
jamie@fairmarklaw.com
Michael Lieberman (*pro hac vice*)
michael@fairmarklaw.com
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (619) 507-4182

GERSTEIN HARROW LLP

By: */s/ Charles Gerstein*

Charles Gerstein (*pro hac vice*)
charlie@gerstein-harrow.com
1001 G Street NW, Suite 400E
Washington, DC 20001
Telephone: (202) 670-4809

Jason Harrow (308560)
jason@gerstein-harrow.com
1200 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (323) 744-5293

*Attorneys for Plaintiffs*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 15, 2025

By: */s/ Rohit D. Nath*
Rohit D. Nath

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to any non-CM/ECF participants indicated on the attached Manual Notice List.

Dated: January 15, 2025

By: */s/ Rohit D. Nath*
Rohit D. Nath