Jason Gottlieb (NY Bar. No. 4056008)
*Pro hac vice*
jgottlieb@morrisoncohen.com
Michael Mix (NY Bar. No. 5020201)
*Pro hac vice*
mmix@morrisoncohen.com
Rachel Fleder (NY Bar. No. 5796040)
*Pro hac vice*
rfleder@morrisoncohen.com
MORRISON COHEN, LLP
909 Third Avenue
New York, NY 10022-4784
Telephone:  (212) 735-8600
Facsimile:  (212) 735-8708

Ellen London (SBN 325580)
elondon@londonnaor.com
LONDON & NAOR P.C.
1999 Harrison St., Suite 2010
Oakland, CA 94612
Telephone:  (415) 862-8494

*Attorneys for Defendant Dragonfly Digital Management LLC*

[*additional parties in signature block*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUELS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LIDO DAO; AH CAPITAL MANAGEMENT, LLC; PARADIGM OPERATIONS LP; DRAGONFLY DIGITAL MANAGEMENT LLC; and ROBOT VENTURES LP,<br><br>Defendants. | Case No. 3:23-cv-6492-VC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Hearing: April 17, 2025, 10:00 am |

Defendants Dragonfly Digital Management LLC ("Dragonfly"), AH Capital Management, LLC ("a16z"), and Paradigm Operations LP ("Paradigm," and together with Dragonfly and a16z, "Responding Defendants") hereby submit their response to Plaintiff Andrew Samuels's ("Plaintiff") motion to dismiss Responding Defendants' counterclaims against Plaintiff (ECF No. 151, the "Motion to Dismiss").

**PRELIMINARY STATEMENT**

Plaintiff's Motion to Dismiss illustrates that the "partnership" at the center of Plaintiff's allegations against Responding Defendants should be limited to those tokenholders who – at a bare minimum – meaningfully participated in governance.

In his pleadings, his motion papers, and at oral argument, Plaintiff consistently has alleged that the partnership in question includes all LDO tokenholders, a position that Responding Defendants have consistently argued is contrary to established partnership law, which requires a much higher showing. The Court, in its order denying Responding Defendants' motions to dismiss, also appeared to allow for the possibility that the Lido DAO partnership might include all LDO tokenholders. ECF No. 115 (the "MTD Order"). Given Plaintiff's statements and the plausible possibility that he may pursue a theory in which all LDO tokenholders are partners in the purported Lido DAO partnership, Responding Defendants each filed conditional counterclaims against Plaintiff alleging that if, and only if, it is judicially determined that the Lido DAO is a general partnership comprised of all LDO tokenholders, then Plaintiff, by his own allegations, is also a general partner in the Lido DAO, and may be equally liable for any judgment against the Lido DAO. ECF Nos. 125, 126, 128 (the "Counterclaims").

In moving to dismiss the Counterclaims, Plaintiff now changes tack. He expressly disavows the theory that merely owning LDO tokens is sufficient to qualify one as a partner in the

alleged Lido DAO partnership. Rather, Plaintiff argues that the MTD Order limited the reach of any partnership to encompass only those who "meaningful[y] participate[d]" in governance of the Lido DAO. Because of this finding, Plaintiff argues this Court must dismiss Responding Defendants' counterclaims because Responding Defendants have failed to show how Plaintiff "meaningfully participated" in Lido DAO governance.

But Plaintiff misunderstands the Counterclaims. Responding Defendants asserted the Counterclaims on a "conditional" basis; they only apply if there is a judicial finding that <u>all</u> LDO tokenholders are partners, a position that Plaintiff repeatedly has maintained. If Plaintiff is now clarifying that the Lido DAO partnership can be comprised only of those LDO tokenholders who, <u>at a minimum</u>, "meaningfully participated" in governance of the Lido DAO, then Responding Defendants do not oppose the Court dismissing the Counterclaims, <u>without prejudice</u> to Responding Defendants reasserting their claims should discovery show that Plaintiff did, in fact, meaningfully participate in the governance of the Lido DAO. But if Plaintiff intends to argue, or preserves the right to argue, that tokenholders may be partners in the alleged Lido DAO partnership even if they did not meaningfully participate in Lido DAO governance, then Responding Defendants' conditional counterclaims should proceed.

To be clear, the law requires far more than mere "meaningful participation" in a partnership to be a partner. But if Responding Defendants' Counterclaims do not survive because Responding Defendants did not allege Plaintiff's "meaningful participation," then that "meaningful participation" standard is then the floor for defining participation in the Lido DAO.

# STATEMENT OF FACTS

**Plaintiff Initiates This Action**

Plaintiff filed his complaint on December 17, 2023. ECF No. 1. He filed the Amended Complaint on April 3, 2024. ECF No. 54 (the "Amended Complaint" or the "AC"). Plaintiff alleges that he acquired approximately 132 LDO in April and May 2023, and sold his LDO in June 2023. *Id.* ¶ 10.

The Amended Complaint asserts one cause of action, claiming that Defendant Lido DAO is a general partnership and that it sold or offered for sale unregistered securities in violation of Sections 5 and 12(a) of the Securities Act. AC ¶¶ 132-42. Plaintiff "concedes that the [Responding] [D]efendants did not directly violate the Securities Act. Rather, he seeks to hold them liable as members of the Lido general partnership. … So [Responding Defendants] are proper defendants only to the extent [Plaintiff] has adequately alleged that they are Lido general partners." MTD Order at 15.

**Plaintiff Seemingly Alleges that the Lido DAO Partnership Includes All LDO Tokenholders**

The Amended Complaint alleges that "LDO tokens represent ownership of the Lido business and allow tokenholders to vote on governance proposals." AC ¶ 33. LDO is the governance token of the Lido Protocol. *Id.* ¶ 20. While the Amended Complaint does not specify which person or entities (or classes of persons or entities) are partners in the purported Lido DAO general partnership, it pleads that one "join[s] the Lido DAO" by "purchas[ing] LDO," *id.* ¶ 74, suggesting that all persons who acquire LDO tokens become partners in the Lido DAO partnership as a result.

In his May 23, 2024 opposition to Responding Defendants' motions to dismiss, ECF No. 64 (the "MTD Opp.") Plaintiff endorsed that partnership theory by claiming that "Lido DAO is an association of its tokenholders."  MTD Opp. at 7.

At the June 27, 2024 oral argument on Responding Defendants' motions to dismiss, the Court characterized the Amended Complaint as alleging that "[a]nybody who holds a token is involved in the profit sharing and would therefore be considered a member of the general partnership, I assume.  And that was my takeaway from your complaint."  ECF No. 78 at 12:3-6. Plaintiffs' counsel agreed with the Court's observation that under the Amended Complaint, "the reason [the Lido DAO is] a general partnership is it's a compilation of <u>all</u> the people who hold tokens, and that they are jointly engaged in the governance of the partnership or the association, and they're all engaged in profit sharing, and so that's why the Lido DAO is a general partnership." *Id.* at 12:20-13:2 (emphasis added).  And counsel for Plaintiff agreed that random purchasers of LDO "may be held jointly and severally liable for the activities of the LDO."  *Id.* at 26:25-27:4.

In light of Plaintiff's theory, at oral argument the Court correctly predicted <u>exactly what Responding Defendants have done here</u>: assert the very same claim against Plaintiff that Plaintiff has asserted against them: "if one were to conclude that it's a general partnership and every token holder who can vote is a partner … [i]t's totally understandable why you would file a cross complaint against the named plaintiffs if you could find them."  *Id.* at 24:2-23.

**In the MTD Order, the Court Recognizes that the Alleged Partnership May Include All Tokenholders**

In the MTD Order, although the Court found that Plaintiff stated a claim against Responding Defendants because they allegedly "meaningfully participated" in the governance of the Lido DAO, MTD Order at 10-11, the Court also left open the possibility that the Lido DAO

4

partnership could consist of all LDO tokenholders regardless of whether they meaningfully participated in governance.  Specifically, the Court recognized that "[i]t's not clear at this point who exactly might be a member of the partnership," but "[a]s additional facts are uncovered by discovery, it may become clear that the Lido DAO general partnership is narrower (for instance, including only the founders) or broader (for instance, including <u>everyone</u> who has voted on a governance proposal or who <u>holds any LDO</u>)." *Id.* at 10-11 (emphasis added).

**Responding Defendants File Conditional Counterclaims Against Plaintiff**

On December 18, 2024, Responding Defendants filed their respective Answers to the AC, along with the Counterclaims against Plaintiff.  While each Responding Defendant's Counterclaims are slightly different, they all are "conditional."  They all are premised on the notion that Plaintiff may be pursuing a partnership theory in which all LDO tokenholders are partners. On that basis, the Counterclaims allege that <u>if</u>, and only if, it is judicially determined that the Lido DAO is a general partnership in which all LDO tokenholders are the partners, then Plaintiff, as an alleged LDO tokenholder himself, would also be a partner and thus may be jointly and severally liable for any judgment or damages assessed against the alleged partnership.

## ARGUMENT

Responding Defendants each filed Counterclaims on a "conditional" basis because Plaintiff has, on multiple occasions, expressed a definition of the alleged partnership that is so overbroad that it would encompass Plaintiff himself.  As explained above, Plaintiff's Amended Complaint alleges that one "join[s]" the Lido DAO merely by purchasing LDO, strongly suggesting that all LDO tokenholders are alleged partners.  Plaintiff's MTD Opp. contends that the Lido DAO is an "association of its tokenholders."  At oral argument, Plaintiff's counsel agreed with the Court's

supposition that the alleged partnership included all tokenholders, and the Court even previewed that under Plaintiff's theory, Responding Defendants would do exactly what they did here: bring counterclaims against Plaintiff. The MTD Order explicitly recognized the possibility that the alleged partnership would be defined broader than "meaningful participation in governance," including that it could be defined as all LDO tokenholders.

In the Motion to Dismiss, Plaintiff for the first time expressly disavows the theory that LDO tokenholders may be considered partners in the Lido DAO partnership merely because they held tokens. Rather, Plaintiff adopts the "meaningful participation in governance" standard set forth in the MTD Order and argues that the Counterclaims should be dismissed because they do not allege any "meaningful participation" by Plaintiff in the governance of the Lido DAO.

To be clear, Responding Defendants do not agree that "meaningful participation" in governance is, on its own, sufficient to make someone a partner in a partnership. While that requirement is the floor, the law requires far more. For example, Plaintiff must establish that the alleged partners in the Lido DAO partnership associated with each other to carry on a business for profit, agreed to split profits and losses, and jointly controlled the Lido DAO. *See* Cal. Corp. Code § 16202; *Bank of Cal. v. Connolly*, 36 Cal. App. 3d 350, 364 (1973). Plaintiff also must establish that the "founders" of the Lido DAO consented to admit any future partner, including the terms on which such future admission would be based. *See* Cal. Corp. Code § 16401(i); *Rivlin v. Levine*, 195 Cal. App. 2d 13, 21 (1961). Alternatively, Plaintiff must prove the existence of a partnership agreement that both varies from the default rule requiring mutual assent to membership and satisfies the legal requirements for forming a partnership. MTD Order at 12-13.

But those arguments are for another day. For purposes of the present Motion to Dismiss, if Plaintiff is now confirming that an LDO tokenholder cannot be a partner in the purported Lido DAO absent "meaningful participation" in the governance of the Lido DAO, then Responding Defendants do not oppose the dismissal of the Counterclaims without prejudice to their ability to replead if discovery reveals that Plaintiff did in fact meaningfully participate in the governance of the Lido DAO.

## **CONCLUSION**

For the reasons set forth herein, if Plaintiff's firm position is that an LDO tokenholder must, at the very least, have "meaningfully participat[ed]" in the governance of the Lido DAO to be a partner in the alleged Lido DAO partnership, then Responding Defendants do not oppose the Court granting the Motion to Dismiss the Counterclaims without prejudice. Otherwise, the Motion to Dismiss should be denied, because that is the only basis on which Plaintiff moved.

Dated: February 12, 2025

                                            MORRISON COHEN LLP

                                            */s/ Jason Gottlieb*
                                            Jason Gottlieb (Admitted *pro hac vice*)
                                            Michael Mix (Admitted *pro hac vice*)
                                            Rachel Fleder (Admitted *pro hac vice*)
                                            909 Third Avenue
                                            New York, New York 10022
                                            jgottlieb@morrisoncohen.com
                                            mmix@morrisoncohen.com
                                            rfleder@morrisoncohen.com
                                            Telephone: (212)-735-8600

                                            LONDON & NAOR P.C.
                                            Ellen London
                                            1999 Harrison St., Suite 2010
                                            Oakland, California 94612
                                            elondon@londonnaor.com
                                            Telephone: (415) 862-8494

*Attorneys for Defendant
Dragonfly Digital Management LLC*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Zachary M. Faigen*
Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000

Alexander C. Drylewski (Admitted *pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

LATHAM & WATKINS LLP

*/s/ Morgan E. Whitworth*
Susan E. Engel (Admitted *pro hac vice*)
susan.engel@lw.com
555 Eleventh Street., N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

Douglas K. Yatter (Bar No. 236089)
Benjamin Naftalis (Admitted *pro hac vice*)
Samir Deger-Sen (Admitted *pro hac vice*)
Peter Trombly (Admitted *pro hac vice*)
1271 Avenue of the Americas
New York., New York 10020
Telephone: (212) 906-1200
douglas.yatter@lw.com
benjamin.naftalis@lw.com
samir.deger-sen@lw.com
peter.trombly@lw.com

Morgan E. Whitworth (Bar No. 304907)
morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

8

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
CASE NO. 3:23-CV-06492-VC

*Attorneys for Defendant AH Capital Management, LLC*

## FILER'S ATTESTATION

I, Jason Gottlieb, am the ECF User whose ID and password are being used to file this Response to Plaintiff's Motion to Dismiss Counterclaims. In compliance with L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:   */s/ Jason Gottlieb*
      Jason Gottlieb