UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUELS,<br><br>        Plaintiff,<br><br>    v.<br><br>LIDO DAO, et al.,<br><br>        Defendants. | Case No. 23-cv-06492-VC<br><br>**ORDER GRANTING MOTION TO DISMISS CONDITIONAL COUNTERCLAIMS**<br><br>Re: Dkt. No. 151 |

The motion to dismiss is granted. Neither the complaint nor the counterclaims contain allegations sufficient to support a reasonable inference that Samuels jointly carried on Lido DAO's business (such as by meaningfully participating in its management). So like Robot, Samuels is not plausibly a Lido partner at this point in the case. *See Samuels v. Lido DAO*, 2024 WL 4815022, at *6–9 (N.D. Cal. Nov. 18, 2024). As noted in the order on the motions to dismiss the complaint, it's conceivable that discovery could uncover facts tending to show that all LDO tokenholders do in fact jointly carry on the Lido business for profit. *See id.* at *6. If that happens, the defendants can seek leave to reassert their counterclaims.

    **IT IS SO ORDERED.**

Dated: April 9, 2025

VINCE CHHABRIA
United States District Judge