**DISCOVERY MATTER**                                                                                          May 16, 2025

Honorable Alex G. Tse,
United States District Court for the Northern District of California

   Re: *Samuels v. Lido DAO*, Case No. 3:23-cv-6492-VC

Dear Judge Tse:

Pursuant to the Court's Standing Order § VII.B, Lead Plaintiff Andrew Samuels and Defendants AH Capital Management, LLC ("a16z"), Paradigm Operations LP ("Paradigm"), and Dragonfly Digital Management LLC ("Dragonfly" and, with a16z and Paradigm, "Defendants") submit this joint statement regarding a discovery dispute. Counsel for the parties met and conferred by video conference in good faith to resolve the dispute before filing this joint statement.

**Lead Plaintiff's Position**:

Defendants have refused to search for and produce documents from after the filing of the original complaint on December 17, 2023. This is improper. Events that post-date the complaint are relevant to Lead Plaintiff's claims that defendants are jointly and severally liable for the offering of unregistered securities by their ongoing partnership. And documents post-dating a complaint may also concern earlier activities of their partnership. The Court should accordingly compel the defendants to search for and produce documents that post-date the complaint.

**Background**

This securities class action alleges that defendants are liable for the solicitation of unregistered securities transactions involving crypto assets called LDO tokens, in violation of Section 12(a)(1) of the Securities Act of 1933. *See* Am. Compl. ¶¶ 132–42, Dkt. 54. Lead Plaintiff alleges that the Lido DAO, a so-called decentralized autonomous organization, "is a general partnership governed by large holders of LDO" and is "controlled by Defendants here and their collaborators." *Id.* ¶ 5. The Lido DAO partnership, and defendants' participation in it, are alleged to be ongoing. *See, e.g.*, *id.* ¶¶ 75–76.

The original complaint was filed on December 17, 2023. Lead Plaintiff filed an amended complaint on April 3, 2024. In addition to asserting claims against a16z, Paradigm, and Dragonfly, Lead Plaintiff brought claims against the Lido DAO. The DAO never appeared in this action. Instead, an entity called Dolphin CL, LLC, purporting to act on the DAO's behalf, moved to dismiss the complaint against the DAO.

In November 2024, Judge Chhabria denied defendants' motions to dismiss. *See* 757 F. Supp. 3d 951 (N.D. Cal.). As Judge Chhabria explained, Lead Plaintiff "seeks to hold" a16z, Paradigm, and Dragonfly jointly and severally "liable as members of the Lido general partnership." *Id.* at 965. Judge Chhabria concluded that the complaint "includes sufficient allegations to support an inference of partnership" for those defendants. *Id.* Dolphin's motion to dismiss the claims against the DAO on separate grounds was also denied. *Id.* at 960–61.

Lead Plaintiff served Requests for Production on January 9, 2025. *See* Att. A. The parties have negotiated a set of search terms and have agreed that defendants could comply with the RFPs by producing the results of those searches. But at the parties' first meet and confer on March 5, defendants stated they would refuse to search for documents from after December 17, 2023. At a

second meet and confer, Lead Plaintiff explained that defendants' post-filing conduct and documents that post-date the complaint are relevant because, among other reasons, the complaint alleges that defendants are liable based on their membership in an ongoing partnership. Lead Plaintiff asked defendants to identify any RFP for which documents that post-date the complaint would *not* be relevant. Defendants have not pointed to any. Even so, Lead Plaintiff offered a compromise, for defendants to run 15 out of the 55 agreed-upon search terms for the post-complaint period, up to May 9, 2025. But defendants have refused with no explanation of burden.

**Documents that Post-Date the Complaint are Relevant**

A party may seek discovery on any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Documents that post-date the complaint are relevant to Lead Plaintiff's claim that defendants are members in an ongoing general partnership that has offered and continues to offer unregistered securities. In addition, those documents may discuss or shed light on earlier events. Dolphin has indeed *already* produced relevant documents that post-date the complaint.

It is well established that documents post-dating a complaint are discoverable, especially where, as here, defendants are alleged to be engaging in ongoing conduct. "It is commonsense that information and documents created after filing the Complaint can be relevant and must be produced." *Charvat v. Valente*, 82 F. Supp. 3d 713, 717 (N.D. Ill. 2015). Plaintiff claims that defendants are jointly and severally liable for securities law violations as members of an ongoing partnership. *See, e.g.*, Am. Compl. ¶¶ 75–76, 132–42. Defendants have contested the scope of that partnership, *see, e.g.*, 787 F. Supp. 3d at 961–66, including by counterclaiming that Plaintiff is a partner and seeking discovery without time limits about when every partner joined the partnership and all facts rendering a person a partner. *See, e.g.*, Att. B, Paradigm's First ROGs Nos. 3 & 4.

The Court implicitly recognized, in allowing claims against the alleged partner defendants to proceed, that discovery about the ongoing activities of the Lido DAO partnership would be appropriate. Judge Chhabria explained that "[a]s additional facts are uncovered by discovery, it may become clear that the Lido DAO general partnership *is* narrower (for instance, including only the founders) or broader (for instance including everyone who has voted on a governance proposal or who holds any LDO)." 757 F. Supp. 3d at 962 (emphasis added). And when Judge Chhabria later dismissed defendants' counterclaims, he noted that defendants could reassert them if "discovery . . . uncover[e]d facts tending to show that all LDO tokenholders *do* in fact jointly carry on the Lido business for profit." Dkt. 170 (emphasis added). All facts concerning the ongoing activities of the Lido DAO partnership, including of course defendants' conduct with respect to the DAO's business, are therefore relevant to what entities have jointly carried on the DAO's business, as well as the structure, objectives, and characteristics of the general partnership. And *even if* defendants are right that Lead Plaintiff's partnership claim can somehow only be based on pre-complaint conduct—which they are not—the post-complaint activities of the partnership and the defendants provide relevant insights into their conduct before the complaint was filed.

In any event, courts agree that "post-complaint documents may reflect on events or statements that occurred prior to the lawsuit which may bear on Defendants' liability." *Pershing Pac. W., LLC v. MarineMax, Inc.*, 2013 WL 941617, at *5 (S.D. Cal. Mar. 11, 2013); *see, e.g.*, *Favors v. Cuomo*, 2013 WL 12358269, at *4 (E.D.N.Y. Aug. 27, 2013) (collecting at least six cases in addition to *Pershing*). Defendants are not entitled to withhold those responsive documents merely because they were created after the complaint was filed.

Indeed, relevant documents that post-date the complaint have already been produced by Dolphin. Those documents include statements among people believed to be associates of Defendant Lido DAO on a 2024 thread called "Lido Finance" about "the dragonfly sale" that "was conducted in summer 22," structuring an LDO sale by including "hard obligations to participate in governance," how to conduct an LDO sale that is "not in fact a securities offering," how "in practice . . . you have to assume token sales are likely to be securities transactions," and how "the first sale" in 2021 "should not" have been "done this way." Dolphin 86-87, 91-92. Past LDO offerings, changes to LDO offerings to avoid liability under the securities laws, and efforts to require investors to participate in DAO governance are relevant to Lead Plaintiff's claims that defendants are members in an ongoing Lido DAO partnership that offers unregistered securities transactions in LDO. *See, e.g.*, 757 F. Supp. 3d at 961–66. It makes no difference that the documents post-date the complaint.

**Defendants Have Not Given Any Reason to Withhold Documents Post-Dating the Complaint**

Defendants are wrong that the statute of repose has any bearing on whether post-complaint activities of the Lido DAO partnership, including defendants' activities, are relevant. Under Section 13 of the Securities Act, no Section 12(a)(1) action may "be brought . . . more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m. But this statute of repose has nothing to do with whether a plaintiff can seek relevant post-complaint discovery.

*      *      *

As a final compromise, Lead Plaintiff has proposed that defendants search for documents during the post-complaint period based on 15 out of the 55 search terms to which the parties have already agreed, up to May 9, 2025, reserving rights to seek further discovery and subject to defendants' obligations to supplement. *See* Defs' Ex. 10, at 5–6. Defendants' offer of "Lido," "LDO," and "Dolphin" is insufficient because that artificially narrowed universe would exclude relevant communications about the partnership that do not happen to use those words. Because documents that post-date the complaint are relevant, and because defendants have not adequately explained why searching for those documents would be unduly burdensome, the Court should compel defendants to search for and produce communications that post-date the filing of the Complaint.

**DEFENDANTS' POSITION:**

Plaintiff's sole claim alleges that "Lido DAO" solicited his purchases of LDO tokens in the first half of 2023 based on statements made in 2021 and 2022. As such, the vast majority of documents that post-date the December 17, 2023 complaint are very likely to be irrelevant, privileged, or both. Nonetheless, Defendants offered to search for documents containing "Lido" or "LDO" through March 2024, and for documents containing "Dolphin" through all of 2024 (as Court filings stated that Dolphin formed in 2024). The premise of Plaintiff's motion is therefore untrue: Defendants did not refuse to produce documents post-dating the complaint. Rather, they offered to search for documents for a reasonable period after the complaint that might relate to the alleged partnership or token at issue. Plaintiff refused that offer. Instead, he insists Defendants run 15 search strings—13 of which are untethered to the "Lido DAO partnership" or LDO token—for a *year-and-a-half* after the complaint, without explaining how documents from mid-2025 could bear on his claim that "Lido DAO" solicited his purchases in 2023 based on statements in 2020-2021. Worse, when Defendants offered to meet and confer regarding the relevance of those search strings and the burden of recollecting, reviewing and producing documents through May 2025, Plaintiff refused to have that discussion. The Court should not reward that approach. It should deny the motion.

**Plaintiff Asserted a Single Cause of Action Based on His Purchase of LDO Tokens in 2023**

Plaintiff asserts a single claim under Section 12(a)(1) of the Securities Act, alleging that "Lido DAO" solicited his April 2023 and May 2023 purchases of LDO tokens, which Plaintiff claims are unregistered securities. (Dkt. 54 ¶¶ 10, 132-142; Dkt. 115 at 19.) Plaintiff does not claim that Defendants solicited his purchases of LDO. (Dkt 115 at 15.) Rather, Plaintiff "seeks to hold them liable" under the theory that (i) "Lido DAO" solicited his purchases based on statements allegedly made in 2021 and 2022, (ii) Defendants are somehow partners in a "Lido DAO partnership," and thus (iii) Defendants are jointly and severally liable for "Lido DAO's" alleged solicitations. (*Id.*)

**Plaintiff Refused Defendants' Offer to Agree on Reasonable Post-Complaint Discovery**

Plaintiff served 87 requests, seeking documents from January 2016 through the production date— a period of more than nine years—even though he alleges the Lido founders (not Defendants) created "Lido DAO" and LDO tokens in 2020. (Dkt. 54 ¶¶ 27, 32.) Defendants ultimately agreed to run 55 search strings on documents from custodians likely to have relevant information and to review the results for responsiveness based on their responses and objections. Defendants agreed to search for documents back to mid-2018, even though Lido formed in 2020 and Defendants had no involvement with Lido (let alone the alleged "Lido DAO partnership") prior to its formation.

Defendants repeatedly asked Plaintiff to explain his request for documents from more than a year after the complaint and two years after the last alleged solicitation since such documents are likely irrelevant or privileged. (*E.g.*, Ex. 1 (asking Plaintiff to identify "specific RFPs where you think you need documents extending beyond the date the Complaint was filed").) Plaintiff ignored those requests (Exs. 2, 3) and rejected a "compromise approach that each party identify specific requests where the party believes that post-complaint responsive documents would be relevant to the claims." (Ex. 4.) Asked to "identify from the post-complaint period a particular communication that you believe is a solicitation, or . . . relevant to your claims" (Ex. 5), Plaintiff again refused, speculating that post-complaint documents *can* be relevant (without explaining why they *are*) and demanding that Defendants run all 55 search strings through the "substantial completion deadline" of July 1, 2025. (Ex. 6.) Plaintiff then declared an impasse and sent a joint discovery letter to Defendants. After reading Defendants' response, Plaintiff took a new position, asking Defendants to run 15 search strings—13 of which are untethered to "Lido" or "LDO"—for 17 months post-complaint. Defendants offered to run the terms "Lido" and "LDO" through March 2024 and search for Dolphin documents through 2024. (Ex. 7.) Plaintiff rejected that compromise, refused to make a counteroffer, and (wrongly) claimed that "Defendants have never explained why *any* search string is not reasonably likely to produce relevant hits" and "have never provided any explanation of burden." (Ex. 8.) Defendants offered to meet and confer to reiterate those explanations. (Ex. 9.) Plaintiff refused, opting to file this motion *without* discussing the relevance of non-Lido, non-LDO search strings, or the burden of recollecting documents through May 2025. (Ex. 10.)

**Plaintiff's Request for Broad Discovery Extending 17 Months Post-Complaint Lacks Merit**

The crux of Plaintiff's argument is that he alleges an "ongoing" partnership and is thus entitled to post-complaint discovery into its existence. That argument is wrong. ***First***, Plaintiff's partnership theory is relevant only to the extent he seeks to hold the purported partners—i.e., Defendants— jointly and severally liable for Lido DAO's solicitations. But Plaintiff alleges Lido DAO solicited his purchases made in mid-2023. (Dkt. 54 ¶¶ 10, 132-142; Dkt. 115 at 19.) He has not identified any post-complaint solicitations that could give rise to liability for the partners. The partnership's post-complaint existence is thus irrelevant to Plaintiff's claim even under his own theory.

4

*Second*, even if Plaintiff identified post-complaint solicitations, he ignores the statute of repose, which bars Section 12(a)(1) claims brought "more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m; *In re Ripple Labs, Inc. Litig.*, 2024 WL 3074379, at *3-4 (N.D. Cal. June 20, 2024). Plaintiff claims LDO was publicly offered no later than March 2021. (Dkt 54 ¶ 64.) Thus, the latest a solicitation could give rise to liability is March 2024, and Defendants have offered to run the search terms "Lido" and "LDO" through March 2024.[1] But Plaintiff seeks discovery through mid-2025. Yet, he refuses to explain how the existence of a partnership in 2025 could bear on his claim when the statute of repose cuts off liability in March 2024. *See In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1018, 1023 (C.D. Cal. 2013) ("Statutes of repose . . . create[e] an absolute time limit on potential liability.").

*Third*, Plaintiff speculates that "post-complaint documents may reflect on events or statements that occurred prior to the lawsuit." But he offers no support for this speculation nor an explanation for why the burden to collect and review such documents—most of which are likely to be privileged—is proportionate to the needs of the case.[2] *Avis Rent A Car Sys., LLC v. City of Dayton, Ohio*, 2013 WL 3781784, at *9 (S.D. Ohio July 18, 2013) (denying motion to compel post-complaint discovery because a party seeking such discovery must explain its relevance to "justify expanding the discovery into the post-complaint realm"). This failure is particularly notable since Defendants offered to search for documents containing "Lido" or "LDO" through March 2024. Plaintiff does not explain why that search is insufficient. *Id.* at *8 (there "must be some identifiable benefit resulting from the considerable effort" of searching post-complaint documents). Plaintiff's cherry-picked citation to documents produced by Dolphin does not alter the analysis. Those documents contain chat messages that do not include Defendants, concern Defendants, or speak to any "ongoing" partnership. They concern a hypothetical direct sale of LDO to accredited investors long after the statue of repose expired. Nothing in those documents can give rise to liability for Defendants. Of course, in the unlikely event that documents produced in discovery *do* reveal a legitimate basis for post-complaint documents, Plaintiff can renew his request then.

*Lastly*, Plaintiff's cases do not support his position. Rather, they merely confirm that "the general relevance standard applicable to discovery controls" post-complaint requests. *Pershing Pac. W., LLC v. MarineMax, Inc.*, 2013 WL 941617, at *5 (S.D. Cal. Mar. 11, 2013); *see Favors v. Cuomo*, 2013 WL 12358269, at *4 (E.D.N.Y. Aug. 27, 2013) ("[I]t is the relevance of the information contained in the requested documents -- not the timing of events in relation to their creation -- that determines discoverability."). No one disputes that post-complaint documents *can* be relevant. Indeed, Defendants agreed to produce documents about Dolphin on that basis. But Plaintiff has not explained how documents from 2024 and 2025 *are* relevant to purchases in 2023 based on solicitations from 2021 and 2022. *C.f. Pershing*, 2013 WL 941617, at *5 (post-complaint discovery allowed for claim based on conduct "occur[ing] both before and after the initiation of the lawsuit").

Defendants have tried to negotiate reasonable search parameters—and agreed to expansive search terms—in response to Plaintiff's 87 document requests. Plaintiff did not reciprocate. As a final compromise, Defendants remain willing to conduct targeted discovery through March 2024 if the parties can negotiate specific requests or search strings to ensure such discovery is proportional. The Court should otherwise deny Plaintiff's motion.

---

[1] Defendants believe LDO was offered to the public *before* March 2021, meaning the statute of repose ran even earlier. For purposes of this letter, Defendants accept Plaintiff's allegation that LDO was offered to the public in March 2021.

[2] The burden on Defendants would be particularly acute because they would have to re-collect documents multiple times. Further, Defendants agreed to search non-email sources that can be more burdensome to collect and review.

Dated: May 16, 2025

Respectfully submitted,

By: */s/ Jason Bell*
    Jason Bell

STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

JASON BELL (*pro hac vice*)
jbell@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, New York, 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

JASON HARROW (308560)
jason@gerstein-harrow.com
**GERSTEIN HARROW LLP**
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (323) 744-5293

JAMES CROOKS (*pro hac vice*)
jamie@fairmarklaw.com
MICHAEL LIEBERMAN (*pro hac vice*)
**FAIRMARK PARTNERS, LLP**
400 7th Street NW, Suite 304
Washington, DC 20004
Telephone: (619) 507-4182

CHARLES GERSTEIN (*pro hac vice*)
charlie@gerstein-harrow.com

|  |  |
|---|---|
|  | **GERSTEIN HARROW LLP**<br>1001 G Street NW, Suite 400E<br>Washington, DC 20002<br>Telephone: (202) 670-4809<br><br>*Attorneys for Plaintiff* |
| Dated: May 16, 2025 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br><br>/s/ *Zachary M. Faigen*<br>Peter B. Morrison (SBN 230148)<br>peter.morrison@skadden.com<br>Zachary M. Faigen (SBN 294716)<br>zack.faigen@skadden.com<br>2000 Avenue of the Stars, Suite 200N<br>Los Angeles, California 90067<br>Telephone: (213) 687-5000<br><br>Alexander C. Drylewski (*pro hac vice*)<br>alexander.drylewski@skadden.com<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br><br>*Attorneys for Defendant Paradigm Operations LP* |
| Dated: May 16, 2025 | MORRISON COHEN LLP<br><br>/s/ *Michael Mix*<br>Jason Gottlieb (*pro hac vice*)<br>Michael Mix (*pro hac vice*)<br>Rachel Fleder (*pro hac vice*)<br>909 Third Avenue<br>New York, New York 10022<br>jgottlieb@morrisoncohen.com<br>mmix@morrisoncohen.com<br>rfleder@morrisoncohen.com<br>Telephone: (212) 735-8600<br><br>LONDON & NAOR P.C.<br>Ellen London<br>1999 Harrison St., Suite 2010<br>Oakland, California 94612<br>elondon@londonnaor.com<br>Telephone: (415) 862-8494<br><br>*Attorneys for Defendant Dragonfly Digital Management LLC* |

| | |
|---|---|
| Dated: May 16, 2025 | LATHAM & WATKINS LLP<br><br>/s/ *Morgan E. Whitworth*<br>Susan E. Engel (*pro hac vice*)<br>susan.engel@lw.com<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: (202) 637-2200<br><br>Douglas K. Yatter (Bar No. 236089)<br>Benjamin Naftalis (*pro hac vice*)<br>Samir Deger-Sen (*pro hac vice*)<br>Peter Trombly (*pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 906-1200<br>douglas.yatter@lw.com<br>benjamin.naftalis@lw.com<br>samir.deger-sen@lw.com<br>peter.trombly@lw.com<br><br>Morgan E. Whitworth (Bar No. 304907)<br>morgan.whitworth@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br><br>*Attorneys for Defendant AH Capital Management, L.L.C.* |

**CERTIFICATE OF CONFERENCE**

    Pursuant to the Court's Standing Order § VII.B.1, I hereby certify that counsel for Lead Plaintiff and a16z, Paradigm, and Dragonfly have met and conferred by videoconference in good faith to resolve their dispute before filing this joint statement.

| | |
|---|---|
| Dated: May 16, 2025 | By:    */s/ Jason Bell*<br>       Jason Bell |