# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUELS,<br>Plaintiff,<br>v.<br>LIDO DAO, et al.,<br>Defendants. | Case No. 23-cv-06492-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 175, 179, 180 |

The motion to compel arbitration is denied. This order assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

A party waives the right to compel arbitration when it knows it has that right but acts inconsistently with it. *Hill v. Xerox Bus. Servs.*, 59 F.4th 457, 460 (9th Cir. 2023). The defendants waited nearly fourteen months to file their motion to compel arbitration. During this time, they filed motions to dismiss in which they sought favorable rulings on the substantive legal issues presented in the case. They sought discovery that focused primarily on the merits. And they sought interlocutory appeal of the denial of their motion to dismiss. In its totality, this conduct is at odds with the defendants' assertion, first made in their respective answers, that this matter should be decided in arbitration.

According to the defendants, they obtained sufficient knowledge of the right to arbitrate only once Samuels admitted in discovery that he had signed an arbitration agreement. But in this case, from the beginning, all indications were that a user could not trade tokens on the Gemini platform without signing an arbitration agreement. In other words, all indications were that Samuels had agreed to arbitration. And it is common practice to move to compel arbitration

before a plaintiff admits in discovery that he signed an arbitration agreement. In fact, it's highly unusual for a defendant to await such definitive confirmation before moving to compel.

The defendants point to *Young v. Solana Labs*, where the court denied a motion to compel arbitration because it could not rule out the possibility that the plaintiff had accessed the platform in a way that would not have bound him to the platform's arbitration agreement. *See* 2024 WL 4023087, at *4 (N.D. Cal. Sept. 3, 2024). But unlike in *Solana Labs*, there was (and still is) no indication here that any method of accessing Gemini would have allowed Samuels to avoid being bound by Gemini's universally required arbitration agreement.

The defendants also assert that they did not know which version of the user agreement Samuels accepted and whether the specific version he signed included the third-party beneficiary provision that allows non-signatories to the arbitration agreement, such as the defendants, to compel arbitration in certain circumstances. But every version of the agreement in the record states that a user agrees to the operative version at the time they log in. Given that the complaint disclosed when Samuels traded LDO on Gemini (April and May 2023), it is unclear why the defendants could not readily determine the version of the agreement in effect at that time.

Even if there were something preventing the defendants from getting a handle on all of this at the very outset of the case, that still would not have excused their lengthy delay in moving to compel arbitration. Defendants AH Capital and Paradigm followed a similar strategy in another recently litigated case. *See Houghton v. Leshner*, 2024 WL 5154071 (N.D. Cal. Nov. 25, 2024). As Judge Orrick pointed out there, even if confirmation of the arbitration agreement through discovery were required before moving to compel arbitration, the defendants could have secured limited discovery earlier. *Id.* at *3. Again, it's quite common for defendants to move to compel arbitration at the beginning of a case (with a good-faith basis for doing so) before all the facts relating to arbitrability have been fully developed. When this happens, the parties on both sides present further evidence along with their briefs. They also sometimes ask for limited discovery while the motion to compel arbitration is being briefed. There was no reason for the defendants to refrain from taking that approach here (except, of course, to take a crack at getting

a favorable merits ruling first).

At the hearing, the defendants asserted that they could not have sought discovery relating to arbitrability earlier because of the PSLRA discovery stay. That's not a serious argument. The discovery stay is there to protect defendants, not plaintiffs. And the statute authorizes courts to allow particularized discovery to prevent undue prejudice to a party. *See* 15 U.S.C. § 77z-1(b)(1). Obviously, a defendant that has a good-faith basis to believe it has a right to compel arbitration can seek discovery on arbitrability to avoid the prejudice of having to litigate a series of complicated motions to dismiss in court.

For all these reasons, the defendants' decision to wait on arbitration is best understood as a strategic gambit rather than an earnest attempt to invoke a right they did not know about earlier in the litigation. The defendants have thus waived their right to compel arbitration.[1]

**IT IS SO ORDERED.**

Dated: September 3, 2025

VINCE CHHABRIA
United States District Judge

[1] If the defendants had not waived the right to compel arbitration, the Court would have granted the motion to compel arbitration on the ground that the agreement delegates the question of arbitrability to the arbitrator. But if the Court were wrong about the delegation question and needed to decide arbitrability itself, it would deny the motion to compel because the dispute does not "relate to" the agreement and equitable estoppel does not apply.